In re FIDELITY AMERICA MORTGAGE CO. (A Nevada Corporation), Debtor.

CP YORKETOWN, INC. (A Pennsylvania Corporation) and Lee R. Robins (Additional Plaintiff), Plaintiffs,

v.

FIDELITY AMERICA MORTGAGE CO. (A Nevada Corporation), Defendant.

In re FIDELITY AMERICA MORTGAGE CO. (A Delaware Corporation), Debtor (two cases).

CP WALNUT, INC. (An Indiana Corporation) and Steven A. Sanders (Additional Plaintiff), Plaintiffs,

v.

FIDELITY AMERICA MORTGAGE CO. (A Delaware Corporation), Defendant.

CP PLYMOUTH PLAZA, INC. (A Pennsylvania Corporation) and Jonathan Berg (Additional Plaintiff), Plaintiffs,

v.

FIDELITY AMERICA MORTGAGE CO. (A Delaware Corporation), Defendant.

Bankruptcy Nos. 81–00388 G, 81–00387 G. Adv. Nos. 81–0287 G to 81–0289 G.

United States Bankruptcy Court, E. D. Pennsylvania.

April 30, 1981.

Marvin Krasny, Adelman & Lavine, Philadelphia, Pa., for plaintiffs, CP Yorketown, Inc. (A Pennsylvania Corp.), CP Walnut Street, Inc. (An Indiana Corp.) and Plymouth Plaza, Inc. (A Pennsylvania Corp.).

Nathan Lavine, Adelman & Lavine, Philadelphia, Pa., for additional party plaintiffs, Lee R. Robins, Steven A. Sanders and Jonathan Berg.

Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for debtors/defendants, Fidelity America Mortg. Co. (A Nevada Corp.) and Fidelity America Mortg. Co. (A Delaware Corp.).

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The instant case is before us on a motion filed by the debtor requesting the dismissal

of three complaints filed against it. We conclude that the complaints filed against the debtor state a cause of action and we will, consequently, deny the motion to dismiss and permit the actions to proceed to trial.

The facts of the instant case are as follows:[1] On February 4, 1981, Fidelity America Mortgage Company and its subsidiaries (FAMCO) filed petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). Prior to that time FAMCO had entered into partnership agreements with various parties under which FAMCO was to act as the only general partner of three partnerships[2] which were engaged in the management of certain real property.

On the filing by FAMCO of the petition for a reorganization under chapter 11 of the Code, the limited partners under two of the above partnership agreements treated the agreement as dissolved and elected a new general partner for each of the two partnerships.[3] Thereafter, on March 26, 1981, three complaints were filed in this court by parties asserting that they are or will be the new general partners of the above three partnerships. Each of those complaints requested relief from the automatic stay provisions of § 362(a) of the Code, an order permitting the removal of FAMCO as the general partner of each of the partnerships and such other relief as the court determines is just and equitable.

FAMCO subsequently filed motions to dismiss each of the complaints for failure to state a claim upon which relief can be granted. In those motions, FAMCO asserts that the complaints are premised on a provision of each of the partnership agreements which provides that FAMCO can be removed as the general partner if it files a petition under the Bankruptcy Code.[4] FAMCO contends that such a provision is invalid under § 365(e) of the Code and that, consequently, there is no basis for the instant complaints in that: (1) the plaintiffs lack standing since they were improperly elected to replace FAMCO, (2) the plaintiffs have no interest in the partnership property and, therefore, are not entitled to relief from the automatic stay to obtain that property and (3) the plaintiffs are not entitled to remove FAMCO as the general partner.

■ We agree with FAMCO's assertion that the provisions of the partnership agreement providing for removal of FAMCO if it files a petition under the Code are invalid under § 365(e). That section provides:

(e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title; or

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Those partnerships are: Yorketown Associates, Walnut Knolls Associates, and Plymouth Plaza Office Building Associates.

3. The two partnerships in which a new general partner was purportedly elected were: Walnut Knolls Associates for which CP Walnut, Inc. was allegedly elected as the new general partner and Plymouth Plaza Office Building Associ-

ates for which CP Plymouth Plaza, Inc., was allegedly elected as the new general partner. Although no new general partner was apparently elected for Yorketown Associates, the plaintiff in one of the instant complaints (CP Yorketown, Inc.) asserts that it would be so elected if the limited partners thereof were solicited for it.

4. *See* ¶ 5 and 25(a) of the partnership agreements as cited in ¶'s 8 and 9 of the instant complaints.

Under that section, it is clear that the above provisions are unenforceable. Consequently, the plaintiffs herein are not entitled to the relief which they request if those provisions are the only basis for that relief.

The plaintiffs assert, however, that their complaints allege another basis for the requested relief: that FAMCO has diverted the partnership assets to itself or to other parties without the knowledge or consent of the limited partners.[5] As a result of that diversion, the plaintiffs assert that the limited partners are entitled to remove FAMCO as general partner and to take control of the partnership property. In addition, in each of the complaints a limited partner has intervened as a party plaintiff by stipulation of the parties thus resolving the argument, asserted by FAMCO, as to the plaintiffs' lack of standing.

We agree with the plaintiffs that the complaints allege sufficient grounds (separate from the allegation based on the unenforceable bankruptcy provision of the partnership agreements) to sustain them. For the purposes of a motion to dismiss, all of the allegations of the plaintiffs' complaints must be taken as admitted. *Walker Process Equipment v. Food Machinery and Chemical Corporation*, 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). It appears that, according to the facts as recited in the complaints, the plaintiff limited partners are entitled to replace FAMCO as the general partner because of its diversion of the assets of the partnership. Consequently, if the facts recited in the complaints are proven correct, the plaintiffs would be entitled to the relief requested: either relief from the automatic stay[6] or an order removing FAMCO as general partner and directing that the partnership property be turned over to the limited partners or newly elected general partner.

---

**5.** *See* ¶ 12 of the instant complaints.

**6.** Relief from the automatic stay is governed by § 362(d) of the Code which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; and

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.