## In re RITTENHOUSE CARPET, INC., Debtor.

### Bankruptcy No. 84–04351G.

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 23, 1985.

Jay G. Ochroch, James J. Gillespie, Jr., Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for the debtor, Rittenhouse Carpet, Inc.

Richard R. Block, Philadelphia, Pa., for Eurotex.

Wilbur Greenberg, Philadelphia, Pa., for Phyllis Mason Rosenberg, limited partner.

Robert B. Durham, Jr., High, Swartz, Roberts & Seidel, Norristown, Pa., for Dorothy Shepard, limited partner.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue in the case before us is whether 11 U.S.C. § 365(e) of the Bankruptcy Code ("the Code") prohibits the operation of state laws providing that the mere filing of a petition under the Code causes the immediate removal of a debtor/partner from a partnership. On the basis of § 365(e) and the Supremacy Clause

of the U.S. Constitution, we conclude that removal of a debtor/partner may not be predicated merely on the filing of a petition in bankruptcy, notwithstanding provisions of state law to the contrary.

We summarize the facts of this controversy as follows:[1] The debtor had been leasing a parcel of improved realty from a partnership known as Carpet Realty Company ("Carpet Realty") in which the debtor holds a 10% equity interest and is the sole general partner. The appraised rental value of the leasehold is $32,650.00 per year, plus or minus 10%. Under the lease, which expires at the end of this year, the debtor pays an annual rent of $30,000.00, plus "all taxes, insurance, water and sewer and repairs." Under this lease the debtor subleased 55% of the premises to Eurotex, Inc. ("Eurotex"). The separate identities of the parties are blurred by the fact that one Jill Babitts owns 100% of the debtor's stock as well as 45% of the outstanding stock of Eurotex. These relationships have been presented to us through the debtor's filing of a petition for reorganization under chapter 11 of the Code last year.

Two of Carpet Realty's limited partners, each of whom holds a 40% equity interest in that entity, have moved the court for an order replacing the debtor as a general partner on the basis that the filing of the petition for reorganization triggers a termination of a partnership under Pennsylvania statutory law and under the partnership agreement before us. The debtor has moved for authority, as general partner of Carpet Realty, to negotiate a new lease for the subject premises with Eurotex. Under the proposed lease Eurotex would pay $30,000.00 per year in rent plus an annual increase of 5%, in addition to "all taxes, insurance, water and sewer and all repairs." In a significant deviation from the present lease, Eurotex would remain liable for repairs, but could setoff against the rent the cost of replacing the building's leaking roof. The estimated cost of replacing the roof is $32,930.00.

On the first issue before us, the limited partners assert that the filing of a petition for reorganization causes the immediate and automatic elimination of a partner from a partnership under statutory law and the partnership agreement. The debtor counters by urging the application of 11 U.S.C. § 365(e):

(e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title; or

(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

(2) Paragraph (1) of this subsection does not apply to an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(A)(i) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to the trustee or to an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(ii) such party does not consent to such assumption or assignment; or

1. *This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule* 7052.

(B) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor.

11 U.S.C. § 365(e). Since the alleged elimination of the debtor from the Carpet Realty partnership is predicated solely on the filing of a petition under the Code, the purported ejection of the debtor was not effective because of § 365(e) and the Supremacy Clause, and we so held several years ago in *In Re Fidelity American Mortgage Co.*, 10 B.R. 781 (Bankr.E.D.Pa. 1981). Thus, the limited partners' motion for removal of the debtor is without merit.

The debtor's motion for approval of the execution of a new lease is more troublesome. As the sole general partner of Carpet Realty, the debtor is the sole legal entity ministering to the rights and interests of Carpet Realty, while the intended lessee of the property in question is Eurotex. The nub of the problem is that Jill Babitts owns 100% of the debtor and 45% of Eurotex and thus she effectively controls Carpet Realty and has a heavy hand in governing Eurotex. This is clearly a case of self-dealing.

■ When the trustee or the debtor in possession proposes to undertake a new contractual duty in the face of an objection to that intended course of conduct, we will generally authorize the undertaking if the planned action meets the business judgment test. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1312 (5th Cir.1985). One significant exception to this rule has been created for collective bargaining agreements, which require a significantly higher showing. *N.L.R.B. v. Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). The common law has carved another exception for contracts or leases tainted with self-dealing. This situation is illuminated by analogous authority voiced by the Supreme Court:

A director [of a corporation] is a fiduciary. So is a dominant or controlling stockholder or group of stockholders. Their powers are powers in trust. Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside.

\*     \*     \*     \*     \*     \*

As we have said, the bankruptcy court in passing on allowance of claims sits as a court of equity. Hence these rules governing the fiduciary responsibilities of directors and stockholders come into play on allowance of their claims in bankruptcy. In the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate. And its duty so to do is especially clear when the claim seeking allowance accrues to the benefit of an officer, director, or stockholder. That is clearly the power and duty of the bankruptcy courts under the reorganization sections.

*Pepper v. Litton*, 308 U.S. 295, 306–08, 60 S.Ct. 238, 245–46, 84 L.Ed. 281 (1939). Thus, we may approve the proposed lease only if the debtor bears the burden of proving that it is fair to all parties involved.

■ The proposed lease is essentially identical to the current lease except that under the proposed lease, rent would increase 5% per year and the lessee could setoff the costs of replacing the roof against the charge for rent. Although the amount of rent under the proposed lease is reasonable, the intended lease would allow the lessee to pass the cost of repairing the roof to the lessor without the lessor's receipt of a counterbalancing benefit. Although the value of the property in ques-

tion appears to be either increasing or stable, the lessor would have a worse deal than it currently has. The debtor's assertion that a worse deal is better than no deal at all, i.e. a vacant leasehold, this contention might hold some sway if no better deal could be found, but the debtor failed to establish that fact. Accordingly, we will deny the debtor authority to execute the proposed lease as it currently stands. If the debtor deletes from the proposed lease the provision for setting off the cost of the roof repair against the rent, we will approve such a lease. Furthermore, the retention of the roof repair clause would be acceptable if the rent were increased correlatively.

In summary, we will enter an order denying the limited partners' motion for an order replacing the debtor and we will deny the debtor's motion for an order approving the execution of the proposed lease as it is currently drafted.