**In re SUNSET DEVELOPERS, a partnership, Debtor.**

**Bankruptcy No. 86–03169K.**

United States Bankruptcy Court, D. Idaho.

Feb. 6, 1987.

Barry W. Davidson, Spokane, Wash., for debtor Laughlin.

Carolyn Justh, Brown & Justh, Coeur d'Alene, Idaho, for debtor Kennedy.

James M. English, Coeur d'Alene, Idaho, for First Federal Sav. & Loan.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

On November 24, 1986 Michael G. Laughlin, a general partner in Sunset Developers, a partnership, filed an involuntary Chapter 11 bankruptcy petition for the partnership. The non-petitioning general partner, Criswell A. Kennedy, objects to the involuntary bankruptcy petition. Kennedy alleges that pursuant to I.C. § 53–335 Laughlin has no authority to file an involuntary petition for the partnership because Laughlin filed an individual bankruptcy petition on October 20, 1986. Laughlin asserts the partners entered into an executory contract when they signed the partnership agreement. Therefore, the Ipso Facto and bankruptcy dissolution clause is invalid, pursuant to 11 U.S.C. § 365(e) and the Supremacy Clause.

## I.

### FACTS

On September 30, 1985, Michael G. Laughlin and Criswell A. Kennedy formed a general partnership known as Sunset Developers under the Idaho Uniform Partnership Law. All assets and activities of the partnership are related to the project known as the Sunset Mall.

Laughlin alleges over the past several months Kennedy has unilaterally mismanaged the partnership affairs so as to jeopardize the value of the assets. Kennedy argues that Laughlin has not provided an appropriate amount of time and effort to the partnership. Kennedy asserts the trade creditors are current but concedes the secured debt is over four months delinquent.

At this point the partners do not agree on which copy of the Partnership Agreement is an accurate reflection of their agreement regarding the conduct and information of said partnership. Both partners concur that the disputes and differences between them are of such a nature and magnitude that it is impossible for them to jointly manage the partnership affairs. Kennedy desires to terminate the partnership by Idaho law and the partnership agreement. Laughlin seeks the jurisdiction of the Bankruptcy Court.

Laughlin filed an individual bankruptcy under Chapter 11 of the code on October 3, 1986. Then on November 24, 1986, Laughlin filed an involuntary Chapter 11 for Sunset Developers.

The Partnership Agreement provides on page 12 and 13 that a partner is in default if he filed for bankruptcy either on behalf of the partnership or individually. On page 13 and 14 of the Agreement it provides that upon default of a partner, the defaulting partner "shall have no right to vote upon or otherwise participate in management of the partnership."

## II.

### IDAHO UNIFORM PARTNERSHIP LAW

Laughlin, as a partner, filed the involuntary bankruptcy petition against the

partnership. Section 303(b)(3) of the Bankruptcy Code allows a general partner to file for such relief. However, Idaho Uniform Partnership Law dissolves a partnership when a partner files an individual bankruptcy [1] or by express will of any partner.[2] Laughlin filed his personal bankruptcy petition October 20, 1986. Kennedy desires to dissolve the partnership using Idaho Law. Under Idaho Partnership law, the dissolution of a partnership changes the relationship of the partners and is distinguished from the winding up of the business.[3] Dissolution of a partnership does not terminate it. The Partnership continues until the winding up of partnership affairs is completed.[4] Dissolution terminates all authority of any partner to act for the partnership.[5] The remaining non-bankrupt partner has the right to wind up the partnership affairs.[6] The bankrupt estate is entitled to the debtor's share of the profits and surplus.[7]

By filing his individual bankruptcy petition Laughlin transferred his partnership interest to the bankruptcy estate.[8] His partnership interest is his share of the profits and surplus.[9] The Court can see no reason that this interest should change character.[10] The estate, and therefore the Debtor-in-Possession as an assignee, receives no managerial or voting rights. According to the Idaho Code and the Sunset Developer partnership agreement, on November 24, 1986, Laughlin as a debtor-in-possession had no authority as a general partner to bind the partnership to an involuntary bankruptcy petition. As a result of Laughlin's individual bankruptcy petition,

Kennedy, the non-bankrupt partner, has the right to wind up the partnership affiars. Laughlin is entitled to the value of his interest in the partnership pursuant to I.C. § 53–338(2)(c)(2).

### III.

### EXECUTORY CONTRACT

Laughlin argues that 11 U.S.C. § 365(e) combined with the Supermacy Clause prevents the use of the Ipso Facto clause found in the Partnership Agreement or Idaho's Partnership Law.

■ For 11 U.S.C. § 365(e) to apply the partnership agreement must be an executory contract. An executory contract is a contract under which the obligation of both parties are so far unperformed that the failure of either to completely perform would constitute a material breach excusing the performance of the other.[11] Under the agreement the partners each have an obligation to contribute amounts in cash to the partnership when required. Failure to do so is a default. All management decisions or other matters affecting the partnership should be made by unanimous agreement. Mutural obligation among all the participants in partnership dissolution agreement create an executory relationship between the parties.[12] An executory contract exists where "performance remains due to some extent on both sides".[13] I find this partnership agreement is an executory contract subject to 11 U.S.C. § 365(e).

■ However, Section 365(c) states:

1. I.C. § 53–331(5).

2. I.C. § 53–331(1)(b).

3. I.C. § 53–329.

4. I.C. § 53–330.

5. I.C. § 53–333.

6. I.C. § 53–337.

7. I.C. § 53–327.

8. 11 U.S.C. § 541.

9. I.C. § 53–326; *In re Gadberry*, 30 B.R. 13, 14 (Bankr.C.D.Ill.1983); *In re Fulton*, 43 B.R. 273, 274 (Bankr.M.D.Tenn.1984).

10. *In re Gadberry*, 30 B.R. at 14.

11. *In re Select-A-Seat Corp.*, 625 F.2d 290 (9th Cir.1980); *In re Coordinated Financial Planning Corp.*, 65 B.R. 711, 713 (BAP 9th Cir.1986); Countryman, Executory Contract in Bankruptcy, 57 Minn.L.R. 439, 460 (1973).

12. *In re Murgoitio*, 84 IBCR 84, 86 (Bankr.Id. 1984).

13. *Id.*

(c) The trustee may not assume or assign an executory contract or unexpired lease of the debtor, *whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties,* if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession or an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment; or ... (emphasis added)

The partnership agreement creates a fiduciary relationship among the partners.[14] It is a contract based on personal trust and confidence.[15] The partners fiduciary character imposes upon the parties the duty of good faith and fair dealing and requires that none of the partners take unfair advantage.[16] A partnership agreement is a contract based on personal trust and confidence, which cannot be assigned or assumed without consent of the parties.[17]

Although the partnership agreement is an executory contract, Section 365(c) prevents the Debtor-in-Possession from assuming or assigning the partnership other than such assignment as allowed by the Idaho Uniform Partnership Law. Therefore, section 365(e) does not apply to the partnership agreement and the Debtor-in-Possession is not entitled to assign or assume the partnership contract.

With regards to partnership activities, Idaho law excuses a partner from accepting performance from or rendering performance to an entity other than a partner without all the partner's consent. A Debt-

or-in-Possession is a different legal entity than the debtor-partner.[18] Assignment of partner's interest to a new entity merely entitles the assignee to receive the contract profits to which the assigning partner is entitled.[19] The assignee is not entitled to management or voting rights. The Debtor-in-Possession is entitled only to the surplus or profits from the Partnership.

## IV.

## CONCLUSION

In this instance, there is no conflict between Idaho Uniform Partnership Law and the United States Bankruptcy Code. Laughlin as a Debtor-in-Possession does not have the authority of a general partner to file an involuntary petition. The Idaho State Law provides an adequate method for the dissolution and winding up of partnership affairs. The involuntary bankruptcy petition of Sunset Developers will be dismissed for the foregoing reasons.

---

**14.** I.C. § 53–321.

**15.** *In re Harms,* 10 B.R. 817, 821 (Bankr.Colo. 1981).

**16.** *In re Stanton,* 38 B.R. 746, 752 (BAP 9th Cir., 1984).

**17.** *In re Harms,* 10 B.R. at 821.

**18.** *In re Harms,* 10 B.R. at p. 822.

**19.** I.C. § 53–326 and I.C. § 53–327.