**In re CORKY FOODS CORP., Debtor.**

**Bankruptcy No. 87–01933–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 28, 1988.

Daniel L. Bakst, West Palm Beach, Fla., for debtor.

Bennett Bovarnick, Boca Raton, Fla., for Wind–up Partners.

Michael N. Jonas, Cohen, Scherer, Cohn & Silverman, P.A., North Palm Beach, Fla., for Capital Bank.

Mark Keinfeld, W. Palm Beach, Fla., Hugh MacMillan, Jr., Palm Beach Gardens, Fla., Charles Barnett, Barnett and Alagia, Palm Beach, Fla., for Prime Bank.

## ORDER DENYING MOTION FOR ABANDONMENT

THOMAS C. BRITTON, Chief Judge.

When this chapter 11 case was filed June 3, 1987, the debtor corporation held a 50% interest in Corky–Marcus, Ltd., a Florida limited partnership. The remaining 50% interest was held jointly by A.B. Marcus and his wife.

Florida has adopted the Uniform Partnership Act, (effective January 1, 1987) which provides that the bankruptcy of a partner effects dissolution of the partnership. *Fla.Stat.* §§ 620.124(4)(b) and 620.-157(4) (former § 620.71(5)).

The Marcuses have moved (CP 88) under 11 U.S.C. § 554(b) for an order requiring the debtor to abandon any interest in the partnership or in partnership property, because the partnership is dissolved by virtue of the foregoing provision and because the debtor has a negative interest in the partnership property. The debtor has opposed the motion (CP 95) and the parties were heard on April 19.

The motion is denied.

Though almost every state has adopted the Uniform Partnership Act, the provision in question here has been considered in relatively few cases.[1] In *In re Safren*, 65 B.R. 566, 569 (Bankr.C.D.Cal. 1986), the court held the provision inconsistent with the Bankruptcy Code. I agree. *See Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

In addition to the considerations noted by Judge Bufford in *Safren*, § 365(e)(1)(B) provides that:

"Notwithstanding a provision ... in applicable law, an executory contract ... of the debtor may not be terminated or modified, and any right or obligation under such contract ... may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract ... that is conditioned on ... (B) the commencement of a case under this title."

It is a fundamental concept that the provisions of applicable statutes are a part of every contractual commitment. *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 516, 58 S.Ct. 1025, 1033, 82 L.Ed. 1490 (1938). It would seem equally clear that a partnership is an executory contract. It would follow that the Code expressly prohibits de facto dissolution of a partnership under the Uniform Partnership Act merely because a partner or the partnership files for bankruptcy. *In re Rittenhouse Carpet, Inc.*, 56 B.R. 131, 133 (Bankr.E.D.Pa. 1985).

In denying this motion, I do not pretermit movant's contention that the debtor's partnership interest has a present negative value. However, I agree with the debtor that this issue may only be presented by an adversary complaint. B.R. 7001(2) or (9). I also note that even if the State law remains applicable under these circumstances, dissolution does not terminate the partnership nor immediately change the nature or diminish the value of the *property interest* of the partner. *Fla. Stat.* § 620.705; *See also Turner v. Lee (In re Minton Group, Inc.)*, 46 B.R. 222, 224 (S.D.N.Y.1985).

Unless the resolution of the partners' respective interests is essential to the debtor's plan, which is presently before me for confirmation, or affects some other bankruptcy concern, I would probably abstain under 28 U.S.C. § 1334(c)(1) and would grant stay relief in order that this purely state law issue may be presented in the State court.

---

**1.** Movant cites *Turner v. Lee (In re Minton Group, Inc.)*, 46 B.R. 222, 224 (S.D.N.Y.1985), in which the district court in affirming the bankruptcy court accepted the provision without comment. The point at issue here does not appear to have been raised.