**In re DONALD VERONA & BERNARD GREEN, a Florida general partnership a/k/a Verona/Green, a Florida general partnership, Debtor.**

**Bankruptcy No. 91–01492–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 15, 1991.

**114**

Raymond C. Farfante, Jr., Tampa, Fla., for debtor.

Catherine McEwen, Tampa, Fla., for movant Mrs. Verona.

Stephen L. Meininger, Tampa, Fla., trustee.

## ORDER ON EMERGENCY MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

■ THIS is a Chapter 7 liquidation case filed by Verona/Green, a Florida general partnership (Verona/Green). The matter under consideration is an Emergency Motion To Dismiss this Chapter 7 case filed by Lois Verona (Mrs. Verona). Mrs. Verona seeks a dismissal of this Chapter 7 case on dual grounds: 1) it is contended by Mrs. Verona that Verona/Green is no longer a "person" within the meaning of 11 U.S.C. § 101(35), therefore, Verona/Green is not eligible for relief under any operating chapters of the Bankruptcy Code by virtue of § 109 which provides in subclause (a) that only "persons" are eligible to be debtors under Title 11 of the U.S.Code; 2) in the alternative, Mrs. Verona urges that the Petition was filed in "bad faith" for the purpose of abusing the real purpose and spirit of the Bankruptcy Code. Based on the foregoing, Mrs. Verona contends that she is entitled to the relief she seeks and the above-captioned Chapter 7 case should be dismissed as a matter of law pursuant to § 707(a) of the Bankruptcy Code. Due to the alleged urgency to resolve this matter, this Court promptly scheduled a hearing at which time it heard argument of counsel and is satisfied that one of the legal contentions of Mrs. Verona which relates to the eligibility of Verona/Green to seek relief presents a threshold question which could indeed be resolved as a matter of law without an evidentiary hearing. The following facts relevant to this issue are without dispute and are as follows:

Verona/Green is a Florida general partnership, which was composed of two general partners, Mr. Verona and Mr. Green. Mr. Verona died in 1985, leaving Mr. Green the sole general partner. Based on this, according to Mrs. Verona, Verona/Green, the general partnership, ceased to exist as a legal entity, and therefore, is no longer a "person" within the meaning of that term

defined in § 101(35). Accordingly, it is the contention of Mrs. Verona that this Chapter 7 case cannot be maintained and should be dismissed.

In opposing this proposition, it is urged by counsel for Verona/Green that the fact that this partnership has only one remaining partner would not per se prevent the partnership to remain an existing entity, thus, a "person" which in turn would be eligible for relief under § 109 of the Bankruptcy Code.

Both counsel for Mrs. Verona and counsel for Verona/Green agree that the legal existence *vel non* of a partnership must be resolved with reference to state law, citing *Tatum, et al. v. Acadian Production Corp. of Louisiana,* 35 F.Supp. 40 (E.D.La. 1940). The relevant provisions of the general partnership law of this State are set forth in *Fla.Stat.* § 620, *et seq.,* which incorporates the Uniform Limited Partnership Act and provides in pertinent part as follows:

*Fla.Stat.* § 620.71 titled, "Causes of Dissolution" provides that:

Dissolution is caused:

(4) By the death of any partner.

The term "dissolution" is defined by *Fla. Stat.* § 620.70 to mean

... the change in the relation of the partners caused by a partner ceasing to be associated in the carrying on, as distinguished from the winding up, of the business.

*Fla.Stat.* § 620.72 titled "General effect of dissolution on authority of partner" provides that

—Except as may be necessary to wind up partnership affairs or to complete transactions begun but not finished, the dissolution terminates all authority of a partner to act for the partnership:

(1) With respect to the partners when the dissolution is not by the act, bankruptcy, or death of a partner, or when the dissolution is by the act, bankruptcy, or death of a partner when s. 620.725 so requires.

(2) With respect to persons not partners, as declared in s. 620.73.

Considering these provisions seriatim, this Court is satisfied that while it is true that the death of a partner or partnership operates as a dissolution of the partnership, *Fla.Stat.* § 620.71(4), the dissolution itself does not prevent the partnership to continue to exist for the purpose of winding up the affairs of the partnership. *Fla.Stat.* § 620.70. The remaining partner certainly has a legal capacity to wind up the partnership affairs and the existence of the partnership does not cease until the winding up of its affairs is concluded. *Fla. Stat.* § 620.72. These functional provisions of the Statute when read together leave no doubt that the legislature intended to preserve the legal capacity of a partnership as an entity until its affairs are completely wound up, even though, as in this instance, the death of one partner operated as a dissolution of the partnership within the meaning of that term defined by *Fla. Stat.* § 620.70. This conclusion is buttressed by the fact that the Statute makes a specific distinction between "dissolution" and "winding up" of the affairs of the business partnership.

By way of analogy, it also may be noted that it has been a well established provision of the corporate law of this State that the dissolution of a corporation does not destroy the legal entity and certainly preserves the capacity of a dissolved corporation to sue or to be sued through its last surviving directors. *Fla.Stat.* § 607.1405. This is so even though the dissolved corporation can no longer function in the orthodox sense, that is, it no longer carries on its business conducted prior to the dissolution.

Mrs. Verona concedes that there is no case law to support the proposition that the dissolution of a partnership effectively destroys the legal existence of the partnership. However, in support of her contention, she points out Section 5(a) of the Bankruptcy Act of 1898 which expressly provided that the partnership will remain an eligible bankrupt even after the dissolution and will remain as such until after the final settlement. Since the Bankruptcy Code failed to adopt a similar provision, it is the contention of Mrs. Verona that it is indicative of the congressional intent not to

preserve the eligibility for relief of a dissolved partnership and, for this reason, it is appropriate to grant her Motion and dismiss this Chapter 7 case. The legislative history of the Code fails to support this proposition. According to House Report 95–595, p. 197, U.S.Code Cong. & Admin. News 1978, 5787, 6157, the term "partner" includes a general or a limited partner otherwise identified, and the partnership includes a general or limited partnership *"from its inception until it is dissolved and its affairs are fully settled."* (emphasis supplied).

The case of *BC & K Cattle Company*, 84 B.R. 69 (Bkrtcy.N.D.Tex.1988) is instructive on this point. In *BC & K Cattle Company*, the bankruptcy court in interpreting Texas law, which also adopted the Uniform Limited Partnership Act, concluded that in Texas a dissolution does not terminate a partnership and the partnership continues its legal existence until its affairs are wound up, *citing*, Tex.Rev.Civ. Stat.Ann. art. 6132b § 30 (Vernon 1970); *In re Manning*, 37 B.R. 755 (D.Colo.1984); *Kelly Associates, Ltd. v. Aetna Casualty and Surety Co.*, 681 S.W.2d 593, 596–97 (Tex.1984).

■ In the last analysis, there is no doubt that Mr. Verona's death in 1985 did operate as a dissolution of the partnership under the applicable law of this state, *Fla. Stat.* § 620.71(4). However, based on the statutes discussed above, this Court is satisfied that the dissolution did not destroy the legal evidence of a partnership, and it will remain an eligible debtor until its affairs are wound up.

■ This leads to the consideration of the next contention advanced by Mrs. Verona in her Motion which is that it is appropriate to dismiss this Chapter 7 case for "cause" under § 707(a). The term "cause" is not defined by the Code; neither does the legislative history shed much light on this provision of the Code.

It is contended by Mrs. Verona that this Petition was filed in bad faith because Mrs. Verona and the surviving partner, Mr. Green, have been involved in litigation in the state court for over five years where initially Mr. Green filed a suit against Mrs. Verona and Mrs. Verona filed a counterclaim against Mr. Green. In the state court litigation, both of them sought an accounting and to wind up the affairs of the partnership.

It is contended by Mrs. Verona that the matter was referred to a special hearing master who allegedly spent 107 hours receiving evidence and preparing his report, findings, conclusions and recommendations filed in November 1990; that the exceptions filed to the report filed by Mr. Green were set for hearing for February 7, 1991; and this Petition for Relief under Chapter 7 of the Bankruptcy Code was filed the afternoon before the hearing was scheduled obviously for the purpose to stop any further proceeding in state court. It is contended by Mrs. Verona that this partnership has assets consisting of 21 parcels of real property owned by the partnership, albeit all encumbered by mortgages; has 26 agreements for deed receivables and one mortgage receivable; that the partnership has $1.6 million equity in its holdings; that the partnership is not only solvent but has more than adequate assets to meet its liabilities; that, in fact, it has been meeting all its liabilities during the state court litigation and therefore it is totally unnecessary to impose an additional administration with attending costs, and the winding-up procedure would be more than adequate to protect the interest of all parties of interest, including the creditors of the partnership. This proposition is based on facts yet to be supported by Mrs. Verona that if the affairs of the partnership are taken over by a liquidating trustee, the properties will no doubt be sold at a foreclosure sale because the trustee would not be able to furnish adequate protection to the holder of the mortgage liens encumbering the properties of the partnership.

In addition, it is urged by Mrs. Verona that the sole purpose of filing this voluntary Chapter 7 case was motivated by the desire of the surviving partner, Mr. Green, to eliminate Mrs. Verona's interest in the partnership properties because she is not in a position to bid at the Trustee's sale or

foreclosure sale. Moreover, Mrs. Verona argues that if the Trustee in this case sells the assets of the partnership, Mr. Green will be able to purchase the properties for an amount far less than the fair value of the properties involved. Of course, none of these facts have been established by competent proof. For this reason, it appears to be appropriate to schedule a final evidentiary hearing for the limited purpose to receive evidence of the following: 1) to establish the solvency *vel non* of the partnership, and 2) to establish whether the interest of all parties will be protected better in this Court than in the state court.

Based on the foregoing, this Court is satisfied that Mrs. Verona's Motion To Dismiss this Chapter 7 case on the basis that this partnership is not a person within § 101(35) and thus not eligible for relief under § 109(a) is without merit.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Emergency Motion To Dismiss Case be, and the same is hereby, denied in part and ruling is deferred in part. It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on March 21, 1991, at 10:00 a.m., to receive evidence limited to the alleged bad faith filing of this Chapter 7 case.

DONE AND ORDERED.