In Re Terrence A. KNUTSON, Bankrupt.

NORTHWEST AIRLINES, INC.,
Appellee,

v.

Edward F. KLINGER, Trustee in
Bankruptcy and Terrence A.
Knutson, Appellants.

No. 77–1032.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1977.

Decided Oct. 17, 1977.

Edward F. Klinger, Moorhead, Minn., for appellants.

Beryl J. Levine, Fargo, N.D., for appellee.

Before LAY, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy appeals from the decision of the District Court that airline tickets purchased but not used by the bankrupt were executory contracts and, thus, must either be affirmed or renounced

by the trustee. The District Court's decision reversed the decision of the bankruptcy court. We affirm the District Court.

The facts of the case are simple and were stipulated by the parties. Terrence Knutson filed a voluntary petition in bankruptcy on December 30, 1974. On December 16, 1974, immediately prior to filing the petition in bankruptcy, Knutson had charged two round trip tickets to Hawaii valued at $1,450.52. The tickets were for a trip to take place in January, 1975. The tickets were charged on a Northwest Top Flight credit card that Knutson had obtained from Northwest Airlines, Inc., in October, 1974. Knutson received the tickets but never used them. He was billed for the tickets on December 27, 1974, and had twenty-five days to pay for the tickets.

On January 29, 1975, Northwest filed an action in bankruptcy court against the trustee in bankruptcy. Northwest sought to have the court declare the tickets to be executory contracts and, as such, force the trustee to either affirm or renounce the contract under § 70(b) of the Bankruptcy Act. 11 U.S.C. § 110(b). The bankruptcy judge held that the tickets were property and, thus, an asset in bankruptcy rather than an executory contract. He ordered Northwest to pay the trustee the cash value for the tickets. Northwest would later be permitted to participate as an unsecured creditor in the distribution.

On appeal from the bankruptcy court, the District Court reversed. It held that the tickets were executory contracts which the trustee must either affirm or renounce. The District Court noted that "if the trustee is allowed the benefits of this contract and Northwest is forced to accept a dividend of the estate, the bankruptcy court, a court of equity, would, in effect, be partici-

pating in an apparently fraudulent scheme."

The sole issue raised on appeal is the legal issue of whether the tickets are executory contracts.[1] Professor Williston has commented that "[a]ll contracts to a greater or less extent are executory. When they cease to be so, they cease to be contracts." 1 *Williston on Contracts* § 14 (3d ed. 1957), quoted in 3A *Collier on Bankruptcy* ¶ 63.33[2] at 1935 (14th ed. 1976). The following more limited definition of an executory contract has been established in the context of the Bankruptcy Act: "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." V. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973). *See also* V. Countryman, *Executory Contracts in Bankruptcy: Part II,* 58 Minn.L. Rev. 479 (1974).

In this case, by the terms of the ticket contract, Northwest was obliged to provide transportation for two from Bemidji, Minnesota, to Honolulu, Hawaii, at a future date and Knutson was obliged to pay Northwest for the tickets at a future time. At the time Knutson filed the petition in bankruptcy, neither party had received any benefit under the contract nor had either performed its obligation under the contract. Thus, at that time, both sides had substantial obligations to perform in the future.[2] If either party had failed to fulfill its obligations, it would have constituted a material breach of the contract. Thus, the ticket contract was an executory one at the time the petition in bankruptcy was filed and the

---

1. The trustee argues that the District Court erred in reversing the bankruptcy court without finding the decision to be clearly erroneous. Since this issue is one of law and the facts are stipulated, the clearly erroneous standard is not applicable.

2. This is to be distinguished from a situation where the nonbankrupt party has fully rendered his performance, but the bankrupt has

performed only partially or not at all. In such a situation, the contract is not an executory one in the Bankruptcy Act sense, and the trustee does not have an option to affirm or renounce the contract. *See* V. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 451 (1973); 4A *Collier on Bankruptcy* ¶ 70.43[2] at 522 (14th ed. 1976).

**918**

trustee must elect to either affirm or renounce the contract under § 70(b) of the Bankruptcy Act. 11 U.S.C. § 110(b).

Affirmed.[3]

3. The District Court noted that Northwest would have had a strong claim under § 17 of the Bankruptcy Act, 11 U.S.C. § 35, had the tickets been used, because the ticket purchase occurred so close to the time of filing the petition in bankruptcy. The trustee argues that Northwest, thus, had an obligation to file a claim that the debt was nondischargeable and that the trustee should not be penalized for Northwest's failure to do so. This argument is without merit since we have held the contract to be an executory one and, thus, there is no debt to be discharged.