**In re KIKI, LTD., Debtor.**

**Bankruptcy No. 75–00158.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 11, 1983.

V. Spencer Page, Honolulu, Hawaii, for debtor.

Alan Van Etten, Honolulu, Hawaii, for claimant.

## MEMORANDUM AND DECISION

JON J. CHINEN, Bankruptcy Judge.

This Memorandum Decision deals with whether Louis C. Harms (hereafter "Claimant") is entitled to raise a pre-petition claim or seek damages from KIKI, Ltd. (hereafter "Debtor") despite executing a compromise and settlement agreement (hereafter "agreement"). The agreement executed between Claimant and Debtor called for Claimant's release of debts owed by Debtor in exchange for its common stock. This subject common stock of Debtor was to be issued from a new company to be formed by the merger of KIKI, Ltd., a Hawaii Corporation and Court Broadcasting Company, an Ohio corporation.

On January 29, 1982 the Trustee filed a Memorandum of Points and Authorities in Objection to Allowances of Claims, objecting to the claims of Claimant. Subsequently thereafter, on April 1, 1982, a hearing on the matter was held before the undersigned Bankruptcy Judge with V. Spencer Page, Esq. appearing on behalf of the Trustee and Allan Van Etten, Esq. appearing on behalf of Claimant. Based on the records in the file and arguments of counsel, the Court finds as follows:

## FINDINGS OF FACT

1. On March 13 and 16 of 1972, Claimant obtained judgments in Illinois against KIKI, Ltd., and Court Broadcasting Company, for several promissory notes due. The parties agree that the total amount of the judgments with statutory interest exceeds $68,058.49.

2. On February 11, 1974 Claimant signed a shareholders agreement with KIKI, Ltd., and Court Broadcasting Company. The purpose of the agreement was to

effect a settlement of the above-mentioned judgments against both corporations. The agreement called for converting claims into shares of a corporation resulting from a merger between KIKI, Ltd., and Court Broadcasting Company.

3. The merger of Court Broadcasting and KIKI, Ltd. was accomplished on April 20, 1974. The resulting corporation, KIKI, Ltd. (Debtor) was registered in Hawaii and Ohio.

4. On April 1, 1975 Debtor filed a Chapter 11 petition in the United States Bankruptcy Court, District of Hawaii.

5. On May 12, 1975 Claimant filed a proof of claim on the above-mentioned judgments in the amount of $68,058.49.

6. On February 2, 1978 Debtor was adjudicated bankrupt, and on March 13, 1978 Mr. Yee Hee was appointed Trustee for Debtor. The qualification of Mr. Hee as Trustee was completed on May 3, 1978 by the filing of a verification certificate.

7. On January 29, 1982, an objection to Claimant's claim was filed wherein Trustee argued that the shareholders agreement effected a settlement of all claims and reduced Claimant's status to one of an equity shareholder. In addition, Trustee contended that the agreement is current and enforceable by this Court.

8. At the April 1, 1982 hearing, Claimant contended that the agreement was an executory contract which would only take effect when Claimant received $37,500.00 of Debtor's common stock pursuant to the agreement. Claimant further took the position that this agreement had either been breached by Debtor or had been rescinded. Alternatively, Claimant contended that without Debtor's performance, which was a condition precedent to Claimant's duty, Claimant was under no duty to perform.

9. In response, the Trustee contended that the agreement should not fail despite non-performance, or non-delivery of the post-merger KIKI, Ltd. shares to Claimant. Trustee indicated that there existed case law to support the contention that the delivery of shares is a mere formality which does not invalidate a shareholders agreement. Further, Trustee took the position that Claimant was barred by estoppel since, as an equity shareholder, he had received benefits of Debtor's continued post-merger operations and dividends. However, Trustee's position remains unsubstantiated. To date, Trustee has neither cited cases supporting this position nor has shown that Claimant had received any benefit from the merger.

10. At the same hearing, Alan Peter Howell, former attorney for Debtor, testified that it was the understanding between Debtor and Claimant that Claimant would release any claims asserted after delivery of the post-merger KIKI, Ltd. shares. In addition, Mr. Howell testified that Debtor decided not to deliver the shares since relief was afforded by the filing of the Chapter 11 petition.

11. At the conclusion of the April 2, 1982 hearing, counsel for the Trustee agreed to submit a memorandum to support his position by April 21, 1982. Counsel for Claimant agreed to submit a responsive memorandum by April 23, 1982. The undersigned Judge then placed the matter under advisement pending receipt of both memoranda. To date, this Court has not received the requested memoranda.

12. Wherever these Findings of Fact are Conclusions or Law, they are hereafter incorporated as such.

## CONCLUSIONS OF LAW

There are several issues before this Court:

1. Whether the compromise and settlement agreement constitutes an executory contract, and

2. If so, whether the executory contract has been rejected by Debtor.

■ The law is clear in determining whether the compromise and settlement agreement executed between Debtor and Claimant constitutes an executory contract. The appropriate test is whether:

[the] contract under which the obligation of both the bankrupt and the other party to the contract are so unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other. *In Re Alexander*, 670 F.2d 885, 887 (9th Cir.1982); See also *In Re Knutson*, 563 F.2d 916 (8th Cir.1977).

The court in *In Re Alexander* determined that a deposit receipt agreement was an executory contract as substantial performance still remained due—the buyer had to pay the remainder of the purchase price, and the debtor-seller had to give up possession and convey title. Furthermore, the court found that failure of either side to complete performance by giving up possession and conveying title, or paying the purchase price, would constitute a material breach.

In the present agreement both Debtor's future performance of issuing and delivering $37,500.00 common stock to Claimant and Claimant's corresponding performance of releasing all claims asserted against Debtor remain completely unperformed. Clearly Debtor's failure alone to deliver the shares, or Claimant's failure to release all claims, constitutes a material breach excusing the other of performance. In light of *In Re Alexander* this Court finds that the agreement executed between Debtor and Claimant is an executory contract.

In addition, any further doubt as to finding an executory contract can be erased by looking to the language of the agreement. The language of the agreement as a whole calls for future performance:

2.  ... *As soon as practicable upon ... merger of Court and KIKI ...* in consideration of the issuance of such stock to said shareholders for their debt claims, each of said shareholders *shall release* and discharge KIKI and Court ...

4.  Harms, KIKI, and Court and ... In consideration of receiving $37,500.00 of the common stock of KIKI, *he will take all steps* necessary to enter satis-

faction ... appropriate general releases ... (emphasis added)

The law clearly states that a contract requiring future performance is executory. *In Re San Francisco Bay Exposition*, 50 F.Supp. 344, 346 (N.D.Cal.1943). Since the language here calls for future performance, there can be no doubt that the parties had intended the agreement to be executory.

In finding the compromise and settlement agreement to be an executory contract, the question then becomes whether Debtor has rejected or assumed said executory contract. See *In Re Alexander*, supra. Rule 607 of the Bankruptcy Rules requires the Trustee to file within 30 days following Trustee's qualification a list of executory contracts assumed. In addition, an executory contract will be deemed rejected by the debtor if not assumed within sixty days following Trustee's qualification. 13 Collier on Bankruptcy ¶ 607.05, 14th ed.

In the instant case, Mr. Hee was retained as Trustee in the Chapter 7 proceedings by a Court Order dated April 6, 1978 and qualified on May 3, 1978. Since the Trustee, Mr. Hee, did not assume the executory compromise and settlement agreement within sixty days of May 3, this Court finds that the agreement had been rejected.

The rejection of the executory contract relates back to the date of the original petition under Chapter XI proceedings and the non-breaching party may seek to recover damages from the other party. 13 Collier on Bankruptcy ¶ 607.05, 3a Collier on Bankruptcy ¶ 70.43(a), 14th ed. 1976.

The Court will hold a further rehearing on this issue of damages.