**In re E.J. PRESTON, Debtor,**

**Robert H. WALDSCHMIDT, Trustee, Plaintiff,**

v.

**METROPOLITAN LINCOLN-MERCURY, INC., Defendant.**

**Bankruptcy No. 384–01048. Adv. No. 385–0048.**

United States Bankruptcy Court, M.D. Tennessee.

Sept. 4, 1985.

Margaret J. Heath, Cosner & Waldschmidt, Nashville, Tenn., for plaintiff.

Paul Rice, Bone & Crawford, Nashville, Tenn. for defendant.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether a prepetition agreement for the sale of the debtor's car dealership is an executory contract where the debtor remains obligated to indemnify the purchaser and the purchaser remains obligated to supply the debtor with free cars. Applying the test set forth by the Court of Appeals for this circuit in *Sloan v. Hicks (In re Becknell & Crace Coal Co., Inc.)*, 761 F.2d 319 (6th Cir.1985), we hold that the contract was executory and was rejected by operation of law pursuant to 11 U.S.C. § 365(d).

The following constitute findings of fact and conclusions of law. Bankruptcy Rule 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (E), (M) and (O).

### I.

On March 26, 1981, Ernest J. Preston ("debtor") sold his interest in an automobile dealership to the defendant. The "Asset Sale Agreement" ("Agreement") required the defendant to purchase all assets of the dealership and to assume certain debt. As further consideration, the defendant agreed to provide two new vehicles to the debtor every year for five years. (Exh. H of the Agreement). Vehicles were supplied by the defendant until August, 1984, when it stopped performing with 19 months remaining on its obligation. The parties have stipulated that the value of the automobiles is $500 per month for each vehicle.

Under Section 8.01 of the Agreement, the debtor promised to "indemnify and hold Purchaser [defendant] harmless from any liability, expense, or detriment caused by Seller's [debtor's] operation of the business."

Approximately three years after the sale, an involuntary Chapter 7 petition was filed against the debtor and a trustee was appointed. The parties have stipulated that a prepetition state tax liability of $17,800.17 arose during the debtor's operation of the dealership and is within the scope of the indemnity agreement. The defendant paid the tax in August, 1984 but has not been reimbursed by the debtor or the estate.

The trustee filed this adversary proceeding seeking specific performance of the purchaser's obligation to provide vehicles or money damages for the estate's loss of the value of the vehicles. The defendant contends that it has no obligation to provide vehicles since the Agreement was an executory contract which the trustee rejected pursuant to 11 U.S.C. § 365(d) by failing to assume the contract within 60 days of his appointment.

### II.

If the 1981 Agreement was an executory contract on the date of the order for relief, the trustee was permitted to assume or reject the contract as provided in 11 U.S.C. § 365. In this Chapter 7 case, the trustee was required to elect to assume executory contracts within 60 days after the order for relief else such contracts are deemed rejected. 11 U.S.C. § 365(d).[1] The 60-day automatic rejection provision of § 365(d) is intended to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate." S.REP. NO. 989, 95th Cong., 2d Sess. 59 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5845. If the Agreement herein was an executory contract, it was rejected by operation of § 365(d). We thus must determine whether the contract was executory on the date of the order for relief. *See In re Bastian Co., Inc.*, 45 Bankr. 717, 11 COLLIER BANKR.CAS.2d (MB) 1236 (W.D.N.Y. 1985).

The Sixth Circuit has recently interpreted the phrase "executory contract" to

---

1.  11 U.S.C. § 365(d) reads in part as follows:
    (d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

mean one in which the parties have future obligations to perform.[2] *Sloan v. Hicks (In re Becknell & Crace Coal Co., Inc.)*, 761 F.2d 319 (6th Cir.1985). The court restated its prior holding in *Chattanooga Memorial Park v. Still (In re Jolly)*, 574 F.2d 349, 350–51 (6th Cir.), *cert. denied*, 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978):

> Thus, executory contracts involve obligations which continue into the future. S.Rep. No. 94–458, 94th Congress, 1st Sess. (1975). They include leases, employment contracts and agreements to buy or sell in the future. Generally, they are agreements which include an obligation for the debtor to do something in the future.

■ Here the debtor's obligation "to do something in the future" was his promise to indemnify the defendant. Although sale of the dealership assets was the principal purpose of the Agreement, the promise to indemnify was a substantial element of the overall transaction. In *Sombrero Reef Club, Inc. v. Allman*, 18 Bankr. 612, 8 BANKR.CT.DEC. (CRR) 1277, 6 COLLIER BANKR.CAS.2d (MB) 506 (Bankr.S.D.Fla. 1982), the court concluded that time-share contracts were executory even though the full purchase price had been paid since there were still substantial future obligations to be performed by both sides such as maintenance of property by the vendor and annual dues payable by the purchasers.[3] Similarly, the promise of the debtor to indemnity and the promise of the defendant to provide automobiles were material reciprocal obligations to be performed in the future.[4] *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482, 493 n. 6 (1984) (executory contract is one in "which performance is due to some extent on both sides") (quoting legislative history).

The Fourth Circuit has recently applied Professor Countryman's test[5] to determine that a licensor's continuing agreement to indemnify a licensee for losses arising out of misrepresentation or breach of warranty made the licensing contract executory. *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir.1985). The court stated:

2. It is argued that there is no bright-line "definition" of executory contract which can be applied to every situation. Insight to the meaning of "executory contract" comes from many sources. *See In re Norquist*, 43 Bankr. 224, 11 COLLIER BANKR.CAS.2d (MB) 1146 (Bankr.E.D.Wash.1984). In addition to authority cited elsewhere in this opinion, some courts have followed the approach developed by Judge Mabey in *In re Booth*, 19 Bankr. 53, 8 BANKR.CT. DEC. (CRR) 1393, 9 COLLIER BANKR.CAS.2d (MB) 65 (Bankr.D.Utah 1982). *Booth* involved an installment contract for a deed where the creditor held the deed until the final installment was paid. In finding the contract non-executory, the court rejected a strict application of the Countryman test. [*See* n. 5 *infra*.] The court found that treating the contract as a lien and not an executory contract enlarged the value of the contract to the estate and furthered the debtor's rehabilitation. *Booth* has not gone without criticism. *See In re Roman Crest Fruit, Inc.*, 35 Bankr. 939 (Bankr.S.D.N.Y.1983); *Shaw v. Dawson*, 48 Bankr. 857 (D.N.Mex.1985).

3. *Compare, In the Matter of Shada Truck Leasing, Inc.*, 31 Bankr. 97, 8 COLLIER BANKR. CAS.2d (MB) 1106 (Bankr.D.Neb.1983) (seller's limited warranty obligation too insubstantial to make sale contract executory).

4. The indemnity agreement is found in the body of the Asset Sale Agreement while the promise to provide vehicles is contained in a separately signed and executed paper entitled "Exhibit H." The trustee argues that these are separate contracts. We cannot agree with this contention. The defendant's promise to provide vehicles was made "as further consideration" for the purchase of the dealership. Both promises are part of the overall transaction and should not be construed as independent agreements.

5. Many courts have cited Professor Countryman's definition of executory contract in § 365 cases. Under this formulation an executory contract is:

> a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other.

Countryman, *Executory Contracts in Bankruptcy*, 57 MINN.L.REV. 439 (1973). *See Northwest Airlines, Inc. v. Klinger (In re Knutson)*, 563 F.2d 916 (8th Cir.1977); *Hall v. Perry (In re Cochise College Park, Inc.)*, 703 F.2d 1339 (9th Cir.1983). This definition has not been formally adopted in the Sixth Circuit. *See In re Jolly, supra*.

Moreover, the contract was further executory as to RMF because of the contingent duties that RMF owed of giving notice of and defending infringement suits and of indemnifying Lubrizol for certain losses arising out of the use of the technology. Contingency of an obligation does not prevent its being executory under § 365. *See In re Smith Jones, Inc.*, 26 B.R. 289, 292 (Bankr.D. Minn.1982) (warranty obligations executory as to promisor); *In re O.P.M. Leasing Services, Inc.*, 23 B.R. 104, 117 (Bankr.S.D.N.Y.1982) (obligation to defend infringement suits makes contract executory as to promisor). Until the time has expired during which an event triggering a contingent duty may occur, the contingent obligation represents a continuing duty to stand ready to perform if the contingency occurs. A breach of that duty once it was triggered by the contingency (or presumably, by anticipatory repudiation) would have been material.

*Lubrizol*, 756 F.2d at 1046.

In *Lubrizol* the court found the licensing contract executory despite the fact that the debtor's duty to indemnify had not been triggered by an indemnifiable event. In contrast, the parties here agree that the prepetition tax obligation falls squarely within the indemnity provisions of the contract. Thus, the debtor's obligation to indemnify was not contingent at the time of bankruptcy.

To be executory, it is necessary that performance remain for both parties. An indemnity agreement would not be considered an executory contract where the indemnitee has fully performed under the contract, leaving the indemnitor's promise as the only remaining obligation. *Employees' Retirement System of the State of Hawaii v. Osborne (In re THC Financial Corp.)*, 686 F.2d 799 (9th Cir.1982). *See Bildisco*, 465 U.S. at ___, 104 S.Ct. at 1188, 79 L.Ed.2d at 482. In *Lubrizol* the

indemnitee had a continuing obligation to account for and pay royalties to the indemnitor. In the present proceeding, the indemnitee (defendant) had a continuing obligation to provide vehicles. The contract was executory.

 The trustee did not elect to assume the contract within the 60-day period provided in § 365(d)(1).[6] The contract is deemed rejected and the trustee cannot enforce the defendant's promise to provide vehicles. *In re Cochise College Park, Inc.*, 703 F.2d at 1353; *Allan Construction Co., Inc. v. United States*, 646 F.2d 487, 227 Ct.Cl. 193 (1981).

An appropriate order will be entered.

---

**6.** The trustee does not argue that he informally or implicitly assumed the agreement at any time.