2300 W. Oakland Park Blvd.
Suite 501
Ft. Lauderdale, FL 33311
(305) 735-7598 (Broward)

**In re Anthony F. SIGNORELLI, Jr. and Mirta Signorelli, Debtors.**

**Bankruptcy No. 89–23620–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

April 12, 1990.

Arthur C. Neiwirth, Fort Lauderdale, Fla., for Trustee.

Lucy DiBraccio, Trustee, Hollywood, Fla.

Stan L. Ruskin, Plantation, Fla., for debtor.

Charles E. Bloom, Miami, Fla., for Katz & Newman, Inc.

## ORDER ON TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court on January 8, 1990, upon the Trustee's Motion for an Order Directing the Debtor to Turn Over Property of the Estate. The facts in this matter are not disputed and are as follows:

1. On the date of the filing of the petition for bankruptcy relief, July 13, 1989, the debtors had an interest in a contract for purchase of real property pending with a deposit upon said contract in the total amount of $6,000.00.

2. The contract for purchase of real property was not in default at the time of the filing of the Petition for Relief.

3. The contract was subject to a contingency relating to the successful closing and

funding of the debtors' then current residence which had not as yet taken place as of the date of the bankruptcy petition and, in fact, permission for authority to sell said real property was approved by the court.

4. Subsequent to the filing of the Petition for Relief, the debtors completed the transaction by purchasing the property.

The interpretation of the laws as applied to the above facts differs between the debtors and the trustee. It is the trustee's position that the interest in and to that contract and the attendant deposit were property of the estate pursuant to 11 U.S.C. Section 541. Said provision states that the debtors' estate is comprised of all legal or equitable interests of the debtors in property as of the commencement of the case. It is also undisputed that legal or equitable interests of the debtors are broadly construed. (*In re: Wegner Farms Co., Debtor,* 49 B.R. 440 (Bkrtcy.N.D.Iowa, 1985)); *In re: Tesmetges,* 47 B.R. 385 (E.D. N.Y., 1984.) Contract rights as well as the rights to any deposits under a contract would be includable within property of the estate pursuant to 11 U.S.C. Section 541.

The debtors further argue that not all of the $6,000.00 was property of the debtors, but, in fact, a portion of it was loaned to the debtors by parents. That factor is irrelevant since there was no designation of such on the contract nor any other documentation evidencing the right of the parents of the debtors to receive or retain ownership of said funds. It is, therefore, indicative that the monies were a gift to the debtors and that the debtors had the sole right to receive the refund since they were the party in privity on the purchase and sale deposit contract.

Further, the debtors going forward with the purchase of the real property without obtaining the consent of the trustee or leave of this court is, in essence, a post-petition transfer of property of the estate pursuant to the provisions of 11 U.S.C. Section 549 for and to the benefit of the debtors and to the detriment of the creditors and their estate. In light of the foregoing factors, it is, therefore, found by this Court that:

1. The purchase and sale deposit contract together with the deposit thereon were property of the estate pursuant to 11 U.S.C. Section 541.

2. Any and all sums on deposit thereunder were property of the estate. Both the Debtor and the seller had a mutual interest in the $6,000.00 deposit. The case cited by the Debtor in his order are distinguishable to the instant cases in that the cited cases all involve monies paid into an escrow account for only one persons benefit. The instant case involves monies deposit into an escrow account for the benefit of both parties.

3. At all times material hereto, the Trustee had the right to assume or reject the Contract For Purchase and Sale under Title 11, § 365 U.S.Code. *See also, Jenson v. Continental Financial Corp.,* 591 F.2d 477 (8th Cir.1979); *In re Knutson,* 563 F.2d 916 (8th Cir.1977). Assuming the Trustee would have rejected the Contract, the entire contract would be void, including the liquidated damages clause. Consequently, the $6,000.00 would have been returned to the Debtor's Estate under the control of the Trustee. This result would be the same regardless of the Seller's right to a setoff against the Debtors' estate; setoffs under 11 U.S.C. § 553 are not automatic. *Bohack Corp. v. Borden, Inc.,* 599 F.2d 1160, 1165 (2nd Cir.1979).

4. The Debtor's utilization and going forward with the contract without leave of this Court was the equivalent of a post-petition transfer of property of the estate pursuant to the provisions of 11 U.S.C. § 549. In essence, the Debtor took property from the Debtor Estate as to which he had no right under applicable Bankruptcy Law. The Debtor then used this property of the estate, the contract, to the detriment of his creditors.

In light of the foregoing, and being otherwise fully advised in the premises, it is,

ORDERED and ADJUDGED that the Trustee shall recover from the Debtors the sum of $6,000.00. If said sum is not paid or arrangements are not made for the payment thereof within fourteen (14) days of this Order, a Final Judgment shall issue in

favor of the Trustee and against the Debtors in said sum together with interest at the statutory rate of 12% with execution issuing.

DONE and ORDERED.