In the Matter of DAUGHERTY
CONSTRUCTION, INC.,
Debtor.

Bankruptcy No. BK95–41129.

United States Bankruptcy Court,
D. Nebraska.

Oct. 31, 1995.

Allan J. Eurek, Richard J. Butler, Lincoln, NE, for Highlands Development Corporation, Southview, Inc., Campion Family Trust, Bradley Fleming and John Schleich, Treasurer of Lakeview Park Apartments, L.L.C. and Folsom Ridge Apartments, L.L.C.

Robert Wm. Chapin, Jr., Lincoln, NE, William L. Biggs, Jr., Omaha, NE, for Daugherty Construction, Inc.

John W. Ballew, Jr., Lincoln, NE, for Unsecured Creditors Committee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this Chapter 11 case, the court must determine the validity of Nebraska statutory provisions dissolving a limited liability company upon the filing of a bankruptcy petition

by one of its members. No cases are reported dealing with such a provision in a limited liability act in any jurisdiction, it is a matter of first impression nationally. I conclude that Nebraska law is not enforceable in a Chapter 11 bankruptcy case to terminate the limited liability company and the debtor's membership therein. In addition, the debtor asserts that the automatic stay of section 362 was violated by actions taken by other members of the limited liability companies following the bankruptcy filing. I conclude that both sections 362 and 365(e) were violated and order that each of the limited liability companies be restored to the status existing at the time this bankruptcy case was commenced.

## FINDINGS OF FACT

The Chapter 11 debtor, Daugherty Construction, Inc. ("Debtor" or "DCI"), is a member of a number of Nebraska limited liability companies ("LLCs"), including Folsom Ridge Apartments, L.L.C., and Lakeview Park Apartments, L.L.C., which were formed to develop two apartment complexes in Lincoln, Nebraska. Debtor's membership capital contribution to each LLC was to provide general contractor services for construction of the apartment buildings. Lakeview Park Apartments, L.L.C., and Folsom Ridge Apartments, L.L.C., are LLCs organized pursuant to Nebraska's Limited Liability Companies Act. NEB.REV.STAT. § 21–2601 to –2653 (1994 Cum.Supp.). Section 21–2621 of the Nebraska statute is incorporated into the Articles of Organization and Operating Agreements of the two LLCs, and states that the bankruptcy of a member constitutes an act of dissolution, unless two-thirds of the remaining members vote to continue the LLC.

The non-debtor members of Lakeview Park Apartments, L.L.C., and Folsom Ridge Apartments, L.L.C., treated DCI's bankruptcy filing as an event of dissolution and voted to continue the respective LLCs and terminate debtor as general contractor on the respective LLC construction projects. In addition, the non-debtor members voted to remove Rick Daugherty (the President and sole shareholder of DCI) as general manager of each LLC. Highland Development Corporation, the only member of Folsom Ridge Apartments, L.L.C., other than DCI, added State Realty Company as a member of that LLC before voting to continue the business of Folsom Ridge Apartments, L.L.C., in order to comply with the Nebraska statute.

## LAW

Section 21–2622 of Nebraska's Limited Liability Companies Act, which is incorporated into the Articles of Organization of Lakeview Park Apartments, L.L.C., and Folsom Ridge Apartments, L.L.C., states that an LLC shall be dissolved upon:

(3) The death, retirement, resignation, expulsion, bankruptcy, or dissolution of a member or the occurrence of any other event which terminates the continued membership of a member in the limited liability company unless the business of the limited liability company is continued by the consent of the remaining members constituting at least a two-thirds majority in interest or such greater interest as otherwise provided in the articles of organization.

NEB.REV.STAT. § 21–2622 (Cum.Supp.1994).

Section 21–2605 provides, in part, that:

If the number of members of a limited liability company is reduced to less than two through the death, retirement, resignation, expulsion, bankruptcy, or dissolution of one or more members, the limited liability company may, through the remaining member, within ninety days of such event, admit one or more new members who shall have authority under section 21–2622 to consent to the continuation of the business of the limited liability company.

NEB.REV.STAT. § 21–2605 (Cum.Supp.1994).

Under section 21–2622, it is clear that an LLC dissolves upon the filing of a bankruptcy case by a member, unless the remaining members vote to continue the business. The reference to "remaining members" makes clear that the bankrupt member is not eligible to vote and infers that the bankrupt's membership is terminated. Section 21–2622 makes clear that the membership of the bankrupt member is terminated by stating

that membership is reduced upon the bankruptcy. Section 21–2622 treats the bankruptcy of a member the same as the death or expulsion of a member.

The Nebraska Limited Liability Companies Act contains no other provisions addressing the issue of whether a member who has filed a Chapter 11 bankruptcy may continue to be a member of an LLC, when the LLC elects to continue business as allowed by statute. I conclude that, under the Nebraska Limited Liability Companies Act, bankruptcy of a member in an LLC causes the membership to terminate, and that if the remaining members vote to continue the business of the LLC, the bankruptcy debtor is not a member of the LLC.

Bankruptcy Code § 541(a)(1) provides, in relevant part, that property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Bankruptcy Code § 541(c)(1) provides, in relevant part, that:

[A]n interest of the debtor in property becomes property of the estate under subsection (a)(1) ... of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

Bankruptcy Code § 363(*l* ) states that:

Subject to the provisions of section 365, the trustee may use, sell or lease property under subsection (b) or (c) of this section, or a plan under Chapter 11, 12, or 13 or this title may provide for the use, sale, or lease of the property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property.

11 U.S.C. § 363(*l* ).

Bankruptcy Code § 365(e) provides:

(1) Notwithstanding a provision in an executory contract ... or in applicable law, an executory contract ... may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on—

(A) the insolvency or financial condition of the debtor at any time before the closing of the case;

(B) the commencement of a case under this title;

\* \* \* \* \* \*

11 U.S.C. § 365(e).

### DISCUSSION

■ The Nebraska Limited Liability Companies Act was adopted in Nebraska in 1993, as a part of a growing national trend. Such a company is a hybrid business entity comprised of attributes from both the corporation and the partnership. The primary purpose is to provide the best aspects of both entities—the conduit taxation of a partnership in conjunction with the limited liability of a corporation.

To preserve conduit taxation attributes, limited liability acts contain provisions calculated to diminish the corporate attributes of an LLC enough for the LLC to qualify under Treasury Regulations for taxation as a partnership. One attribute of corporate existence sought to be avoided or diminished is continuity of LLC life.

With regard to continuity of life, one commentator noted:

If the death, insanity, bankruptcy, retirement, resignation, or expulsion of any member will cause a dissolution of the organization, the entity does not possess continuity of life. (Citing Treasury Reg. § 301.7701–2(b)(1)). An agreement providing that the remaining members will continue the business in the event of the death or withdrawal of a member does not engender continuity of life if, under local law, the death or withdrawal of any member causes a dissolution of the organization.

Wayne M. Gazur and Neil M. Goth, *Assessing the Limited Liability Company*, 41 CASE W.RES.L.REV. 387, 441 (1991).

The provisions of Neb.Rev.Stat. § 21–2622 quoted above are referable to limiting continuity of life of an LLC upon occurrence of death, retirement, resignation, expulsion, bankruptcy or dissolution of a member.

Termination of an LLC upon bankruptcy of a member may also be in response to other concerns. Like a partnership, members of the LLC have voluntarily associated in a business enterprise and the relationship among members may be personal in character. Indeed, there are very strict limitations upon the transfer of a member's interest in the two LLCs involved in this case. These problems and concerns are addressed in LLC statutes by provisions that dissolve the LLC upon bankruptcy, and provide that if the non-bankrupt members of the LLC vote to continue the business of the LLC, the interest of the bankrupt member is terminated. However, Congress has also dealt with this problem in the context of bankruptcy cases, and has done so in a manner inconsistent with state law. Under the Supremacy Clause of the United States Constitution, federal law must prevail. The Nebraska Limited Liability Companies Act provisions dissolving a LLC upon a member filing a Chapter 11 bankruptcy case are not enforceable because they are in conflict with specific provisions of the Bankruptcy Code.

First, the debtor's interest in the LLCs constitutes property of the bankruptcy estate and state law purporting to terminate that interest is unenforceable under section 541(c). Second, under section 363, the debt- or has the right to use, sell, or lease all property of the estate, including its membership interest in the LLC, notwithstanding state law to the contrary purporting to terminate the debtor's interest. *See* § 363(*l*). Third, the LLC Articles of Organization and the Operating Agreement among the LLC members (together the "LLC Articles and Agreements") constitute, on the facts of this case, executory contracts which the debtor may attempt to assume under section 365, notwithstanding provisions of the LLC Articles and Agreements which purport to terminate debtor's interest upon the commencement of a bankruptcy case.

### Property of the Estate.

■ Under section 541, the commencement of a bankruptcy case creates an estate comprised of all legal or equitable interests of the debtor in property. At the time this bankruptcy case was commenced, the debtor, DCI, owned a membership interest in Lakeview Park Apartments, L.L.C. and in Folsom Ridge Apartments, L.L.C. The debtor's interest in the LLCs, and its rights under the LLC Articles and Agreements constitute property of the bankruptcy estate under Bankruptcy Code § 541. Under section 541(c)(1), provisions of Nebraska law and provisions of the LLC Articles and Agreements which purport to dissolve the LLCs and terminate the debtor's interest therein upon the commencement of a bankruptcy case are not enforceable in a Chapter 11 bankruptcy case. Under section 541(c)(1), debtor's membership in the two LLCs continues to exist, and it constitutes property of the bankruptcy estate. Furthermore, the two LLCs do not dissolve under state law because dissolution of the business enterprise is inconsistent with the Bankruptcy Code requirement of section 541(c)(1) that debtor's interest not be terminated by commencement of a bankruptcy case. As a matter of overriding federal law, the LLCs and debtor's interest therein continue to exist notwithstanding debtor's bankruptcy filing.

### Debtor's Use of Property of the Estate Permitted.

■ Under Bankruptcy Code § 363, the debtor may use, sell or lease property of the

bankruptcy estate. As such, the debtor is permitted the use and benefit of its interests in the LLCs. Section 363(*l*) voids any provision in a contract or applicable law which forfeits, modifies, or terminates the debtor's interest in property based on the debtor's insolvency or financial condition, or on the commencement of a bankruptcy case. Bankruptcy Code § 363(*l*). As such, any LLC dissolution provision triggered by a member's Chapter 11 reorganization filing, whether under the LLC agreements or under the Nebraska statute, conflicts with section 363 and is unenforceable. Under section 363(*l*), the debtor has the right to continue as a member of the LLC, notwithstanding the termination clauses found in state law and in the LLC Articles and Agreements.

### Executory Contract.

■■■■ Each LLC is an ongoing business. The continuation of business contemplates an ongoing relationship and mutual obligations between each LLC's members. The member relationships are essentially executory in character. The Bankruptcy Code does not define the term "executory contract." However, this circuit has adopted the "Countryman" definition. *See In re Knutson,* 563 F.2d 916, 917 (8th Cir.1977) (quoting V. Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn.L.Rev. 439, 460 (1973)) [1]. Under this definition, contracts are executory if they are so far unperformed that the failure of either party to complete performance would constitute a material breach excusing the performance of the other. *Id.* In this context, a wide range of agreements constitute "executory contracts", *see e.g., Knutson, supra* (airline ticket purchase was executory contract), including partnership agreements and joint venture agreements. *See In re Petralex Stainless, Ltd.,* 78 B.R. 738 (Bankr.E.D.Pa.1987) (joint venture); *In re Corky Foods Corp.,* 85 B.R. 903, 904 (Bankr.S.D.Fla.1988) (partnership agreement).

There are material unperformed and continuing obligations among members of Folsom Ridge Apartments, L.L.C., and Lakeview Park Apartments, L.L.C. Under the LLC Articles and Agreements, all members have a continuing obligation to participate in the management of the LLCs and to contribute capital in the event of a fiscal net loss. DCI is obligated to provide general contractor services on both LLC apartment construction projects and to make a cash capital contribution of $300,000 to Lakeview Park Apartments, L.L.C. Further, Southview, Inc., a member of the Lakeview Park Apartments, L.L.C., is obligated to contribute developer's services to the Lakeview Park Apartments, L.L.C., project. Highlands Development Corp., a member of Folsom Ridge Apartments, L.L.C., is obligated to contribute cash and developer's services to the Folsom Ridge Apartments, L.L.C., project. The unperformed obligations of LLC members *inter se* are executory obligations which, if not performed, would constitute a material breach excusing performance by other members. Therefore, I conclude that the LLC Articles and Agreements constitute executory contracts under section 365.

Since DCI's membership interests in the LLCs constitute property of the bankruptcy estate and did not terminate upon the bankruptcy filing, and since the LLC Articles and Agreements constitute executory contracts, section 365(e)(1) applies to prevent termi-

---

**1.** The legislative history of section 365 states that the term executory contract "generally includes contracts on which performance remains due to some extent on both sides." *See Cameron v. Pfaff Plumbing and Heating, Inc.,* 966 F.2d 414, 416 (8th Cir.1992). This statement was quoted approvingly by the Supreme Court in *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984). In reconciling the legislative history and Countryman definitions, the Eighth Circuit states in *Cameron:*

> Though less precise, we conclude that the phrase quoted in *Bildisco*—that "performance

remains due to some extent"—is equivalent to the standard we adopted from Professor Countryman ...—that failure to complete the remaining performance "would constitute a material breach." Therefore, at least in this circuit, the term executory contract in § 365(a) represents no change from prior law, and [the court] must decide whether there [are] material unperformed obligations by [parties to the agreement at the time of the filing of the bankruptcy petition].

*Cameron* at 416.

nation or modification of the LLC Articles and Agreements at any time after the commencement of this case solely because of a provision in the LLC Articles and Agreements that is conditioned upon insolvency or the commencement of this bankruptcy case.

DCI has the right to attempt to assume the LLC Articles and Agreements and may do so upon fulfilling all the requirements of section 365(b). The requirement that the debtor in possession satisfy the requirements of section 365(b) fully assures that the legitimate expectation interest of the other members of the LLCs is fully protected and realized if the executory contracts are assumed. By separate order, I have established a deadline for the assumption or rejection of the debtor's interest in the LLCs.

The non-debtor members of the two LLCs argue that section 365(e) does not invalidate any provisions of Nebraska statutory law. They point out that Section 365(e) expressly invalidates only provisions of an "agreement" that are conditioned upon insolvency or the commencement of a bankruptcy case. Thus, they assert that these executory contracts are terminated by Nebraska law notwithstanding section 365(e). This argument is without merit because it ignores section 541(c)(1) and section 363(*l*), both of which expressly invalidate provisions of "applicable law" or "applicable non-bankruptcy law." Thus, Nebraska laws are invalidated by sections 541(c)(1) and 363(*l*). Section 541(c)(1) assures that the LLC membership interest becomes property of the bankruptcy estate, section 363(*l*) assures that the debtor may use the membership interest after the bankruptcy case is commenced, and section 365(e) performs the completely different function of assuring that the executory contract can not be terminated or modified after the commencement of the bankruptcy case.

■ The non-debtor members of the LLCs argue that even if the LLCs and debtor's interest therein did not terminate, and the court concludes that the LLC Articles and Agreements constitute executory contracts, the LLC Articles and Agreements may not be assumed. Since they can not be assumed, they assert that the LLCs should be viewed as terminated by the bankruptcy filing. The non-debtor members of the LLCs assert that DCI's interest under the LLC Articles and Agreements can not be transferred to the debtor in possession without their consent. These members contend that DCI as "debtor in possession" is a separate and distinct legal entity from DCI as "debtor." They conclude that the debtor may not transfer its membership interest to the debtor in possession except subject to the terms of the LLC Articles and Agreements. I reject this reasoning and conclude that the debtor in possession may assume the LLC Articles and Agreements under section 365 upon satisfaction of the conditions of section 365(b).

■ The debtor and debtor in possession are the same entity for executory contract purposes in a Chapter 11 reorganization. Section 1101 states specifically that " 'debtor in possession' means debtor," except where a trustee has been appointed in a Chapter 11 case. Bankruptcy Code § 1101(1). The Supreme Court rejected the distinction between debtor and Chapter 11 debtor in possession in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522, 528, 104 S.Ct. 1188, 1196, 79 L.Ed.2d 482 (1984), in the executory contract context. In *Bildisco*, the Supreme Court states:

> Obviously if the [debtor-in-possession] were a wholly "new entity," it would be unnecessary for the Bankruptcy Code to allow it to reject executory contracts, since it would not be bound by such contracts in the first place. For our purposes, it is sensible to view the debtor-in-possession as the same "entity" which existed before the filing of the bankruptcy petition, but empowered by virtue of the Bankruptcy Code to deal with its contracts and property in a manner it could not have done absent the bankruptcy filing.

*Id.*, at 528, 104 S.Ct. at 1196. See also *United States v. Gerth*, 991 F.2d 1428, 1435 (8th Cir.1993) (holding debtor and debtor in possession are the same entity for mutuality purposes under section 553 and stating, "[w]hether the distinct entity theory remains viable in any context is questionable."). For purposes of assuming a contract under sec-

tion 365, I conclude that the debtor in possession and debtor are the same entity.

I also find support for my conclusion in section 365 itself. Subsection 365(c)(1) excuses a party from accepting performance from or rendering performance to *"an entity other than the debtor or debtor in possession"*. Thus, section 365(c)(1) specifically contemplates that a party is not excused from accepting performance from or rendering performance to the debtor in possession.

I am aware of a line of decisions, representing a distinct minority position, that concludes, pursuant to state law, that a partnership dissolves upon the filing of a bankruptcy case by a general partner. The most often cited case is *In re Harms*, 10 B.R. 817 (Bankr.D.Colo.1981). I find *In re Harms* and its progeny unpersuasive. These cases conclude that partnership agreements are executory contracts, but reason that the partnership agreements may not be assumed by the debtor in possession because the debtor in possession is a different entity than debtor. From that false premise, they spring to the conclusion that the partnership must dissolve in accord with state law. In a Chapter 11 case this reasoning is substantially undermined by Bankruptcy Code § 1101(1) ("debtor in possession" means debtor) and by the Supreme Court's discussion in *Bildisco, supra*. The fact that a partnership agreement or LLC agreement constitutes an intensely personal contract is relevant to the question of whether the interest of the debtor in possession can be assigned to a third party under section 365(c), but is irrelevant to the question of whether the interest of the debtor in the partnership or the LLC can be "transferred" to the debtor in possession upon commencement of a bankruptcy case under section 541. Section 365(c) should not be construed to limit the ability of the debtor in possession to succeed to the interest of the debtor and it certainly does not provide a rationale for concluding that because the LLC or partnership interest of the debtor cannot be transferred to a third party, the partnership or LLC dissolves!

My conclusions that an LLC and debtor's membership interest therein do not terminate upon commencement of a Chapter 11 case by a member and that the LLC Articles and Agreements constitute an executory contract are supported, in analogy, by bankruptcy court interpretations in the area of partnership law. Partnership agreements have been found to be assumable executory contracts in the case of a Chapter 11 debtor partner. *See In re Nizny*, 175 B.R. 934 (Bankr.S.D.Ohio 1994); *In re Corky Foods Corp.*, 85 B.R. 903, 904 (Bankr.S.D.Fla.1988). *See also, In re Cardinal Indus., Inc.*, 116 B.R. 964, 973–982 (Bankr.S.D.Ohio 1990); *In re Clinton Court*, 160 B.R. 57 (Bankr.E.D.Pa. 1993); *In re BC & K Cattle Co.*, 84 B.R. 69 (Bankr.N.D.Tex.1988).

The brief filed on behalf of the non-debtor members of the LLCs suggests that if the court rules that the LLCs do not dissolve upon the Chapter 11 bankruptcy filing, the LLC would have an attribute of continuity in the business entity which would create adverse tax consequences. My ruling is limited to this Chapter 11 reorganization case. I express no view on the effect of a Chapter 7 bankruptcy filing. In the context of a Chapter 7 case, *In re Harms, supra*, and its progeny may have some validity. It is also my view that applicable Treasury Regulations should be amended to recognize distinctions between Chapter 11, 12 & 13 and a case under Chapter 7. Treasury Regulations should not unnecessarily impede bankruptcy reorganization. *See* Treasury Reg. § 301.7701–2.

In summary, notwithstanding provisions of the Nebraska Limited Liability Companies Act to the contrary, the membership of DCI in Folsom Ridge Apartments, L.L.C., and Lakeview Park Apartments, L.L.C., did not terminate upon the commencement of this Chapter 11 bankruptcy case, the LLCs continued to exist and the LLC Articles and Agreements constitute an executory contract under section 365. Bankruptcy Code Sections 363(*l*), 365(e) and 541(c)(1) mandate this result and state law to the contrary is unenforceable under the Supremacy Clause. U.S. Const. art. VI, cl. 2.

I have generally referred to the LLC Articles and Agreements as executory contracts but this is without prejudice to debtor's assertion that there may exist multiple execu-

tory contracts among DCI and other members of the LLCs. Further issues concerning the executory contract will be resolved at the hearing on debtor's motions, if any, to assume executory contracts.

*Automatic Stay.*

 DCI alleges that since the filing of the bankruptcy petition other LLC members have taken actions in violation of the automatic stay, including holding meetings, voting to continue the business of the LLCs, removing Rick Daugherty as manager of the LLCs and approving a new manager of both LLCs, adding a new member to the Folsom Ridge Apartments, L.L.C., and by numerous other acts asserting dominion and control over the business and financial affairs of the LLCs and LLC construction projects. I conclude that these actions constituted the exercise of control over property of the estate in violation of the automatic stay provisions of Bankruptcy Code § 362(a). In addition, the postpetition acts of other LLC members seeking to terminate or modify the debtor's interests in the LLCs, including the removal of Rick Daugherty as general manager, violated the provisions of section 365(e) in that such acts were taken solely in response to the debtor's bankruptcy filing.

 As my foregoing decision regarding a Chapter 11 debtor's rights in an LLC under federal bankruptcy law is a case of first impression, and since the acts of the other members appear to be good faith attempts to protect their interests in the LLCs pursuant to the terms of the LLC Articles and Agreements and Nebraska's LLC statute, I conclude that sanctions are not appropriate in this case. By previous order, I annulled the stay respecting the election by non-bankrupt members to continue the business of Lakeview Park Apartments, L.L.C. The subsequent acts of non-debtor members of Folsom Ridge Apartments L.L.C. were at least in part under color of authority of that order. However, to the extent that the non-bankrupt members' actions impaired, modified or terminated debtor's interests in the LLCs, these actions must be set aside. Therefore, by this order, the LLC Articles and Agreements, including Rick Daugherty's designation as manager of the LLCs, shall be returned to the terms and conditions existing on the date of the bankruptcy filing herein. The actions taken regarding Folsom Ridge Apartments, L.L.C., and the admission of State Realty Company as a member are also set aside as in violation of section 365(e). By this order, I do not intend to impair commercial transactions between the LLCs and non-member parties that took place since the filing of the bankruptcy case. Such transactions shall remain in full force and effect unless otherwise stated in this Memorandum and its accompanying Order.

The Motions to Compel Assumption or Rejection of Executory Contracts or Determine Assumability Thereto (Fil. # 33 and Fil. # 34) are sustained in part. By separate order I have set a deadline for assumption or rejection under section 365.

A separate order will be entered consistent herewith.

IT IS SO ORDERED.