### In re ST. GEORGE ISLAND, LTD., Debtor.

### Bankruptcy No. 87–07193.

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

Jan. 24, 1992.

Ronald A. Mowrey, Tallahassee, Fla., for movant.

John Barley, Tallahassee, Fla., for Sharon Holding Co. and S.F.T.

C. Edwin Rude, Jr., Tallahassee, Fla., for debtor.

William J. Miller, Tallahassee, Fla., trustee.

## ORDER ON MOTION TO DETERMINE GENERAL PARTNER OF ST. GEORGE ISLAND, LTD.

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of Ronald A. Mowrey, Trustee for the bankruptcy estate of John R. Stocks, for the determination of the general partner of the debtor, St. George Island, Ltd. ("SGI"). Sharon Holding Company ("Sharon"), which claims to be the general partner, and Stocks Family Trust ("SFT"), holder of 98% interest of the partnership, have responded and requested that the Court either deny the motion or find that Sharon is the general partner of SGI. Having considered the portions of the partnership agreement that have been provided, the record of the case, the filed memorandum of law, and for the reasons set forth below, we find that John Stocks was not the general partner on the date of filing, Sharon became the general partner on either December 6, 1988 or December 19, 1988, and that the point became moot upon the conversion of the case from Chapter 11 to Chapter 7.

On July 10, 1987, SGI, a Florida limited partnership, filed for reorganization under Chapter 11 of Title 11, United States Code. At the time of the filing, John R. Stocks and Coastal Housing Corporation were the general partners of SGI. As general partners, Stocks and Coastal each held a 1% interest in the general partnership. The limited partners were the Stocks Family Trust and John Stocks. On December 6, 1988, the day prior to John Stocks filing his own personal bankruptcy, Stocks and Coastal both resigned as general partners. On the same day, Tod Warmack, as Trustee for SFT and pursuant to the partnership agreement, consented to the resignations and nominated, appointed, and elected Sharon as SGI's general partner. Also on that day, Coastal assigned its 1% interest in SGI to Sharon. On June 13, 1991, this case was converted from Chapter 11 to Chapter 7.

Mowrey contends that although Stocks resigned as general partner prior to the filing of his bankruptcy, the change of general partners did not take effect until December 19, 1988, the day the documents were filed with the Secretary of State. As such, the change of general partners was

an unauthorized post-petition transfer, avoidable pursuant to 11 U.S.C. § 549.

■ Sharon and SFT cite to the partnership agreement and Florida Statute § 620.-124(1) and assert that Stocks ceased being the general partner immediately upon written notice to the limited partners, in this case, December 6, 1988.

At the inception of and incident to the partnership relationship each partner acquires certain property rights, which are:

(1) His rights in specific partnership property;

(2) His interest in the partnership; and

(3) His right to participate in the management.

Fla.Stat. § 620.675. A general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership without limited partners. Fla.Stat. 620.125(1). In a limited partnership, the difference between a limited partner's interest and a general partner's interest is the right to manage the partnership. The issue before us is the entitlement of managing the partnership. The issues of the parties' rights to specific partnership property or their interests in the partnership have not been contested.

■ The right to manage is a contractual right governed by the terms of the partnership agreement. See, *In re Priestley,* 93 B.R. 253, 258 (Bkrtcy.D.N.M.1988). The partnership agreement in this case provides that the general partner may resign only upon the written consent of all limited partners. Once the general partner withdraws as general partner, he becomes a limited partner with the same limited partnership interest as the general partner had.

On December 6, 1988, John Stocks resigned as general partner. On the same day, the limited partners consented to the resignation. The fact that the resignation and consent, along with the appointment of Sharon as the new general partner, were not recorded with the Secretary of State until December 19, 1988, has no bearing on the effective date of Stocks' resignation. The date of recording is only pertinent to the issue of when Sharon became the general partner and is not relevant for determining who the general partner is today. Therefore, on the date of filing his personal bankruptcy, John Stocks was no longer the general partner of SGI, but was a limited partner holding a 1% interest in the partnership.

■ The Bankruptcy Code provides for relief for partnerships. 11 U.S.C. §§ 101(41), 109. The mere filing of bankruptcy does not dissolve the partnership. *In re Corky Foods Corp.,* 85 B.R. 903 (Bkrtcy.S.D.Fla.1988). As long as the case stays in Chapter 11, general partner(s) are entitled to attempt to reorganize the partnership's affairs. However, once the case is converted, the attempt to reorganize is through. The general partner is left without anything to reorganize and retains only its remaining interest in the partnership and its potential liability to the Chapter 7 trustee pursuant to Code § 723(a). The duty of winding up the partnership is left to the Chapter 7 trustee.

■ On June 13, 1991, this case was converted from Chapter 11 to Chapter 7. On the date of conversion, Sharon was general partner, entitled to manage the partnership. However, once the case was converted, Sharon was without a partnership that could be reorganized. Consequently, its right to participate in the management terminated. Without the right to manage the partnership, Sharon retains its interest in the partnership and its potential liability to the Chapter 7 trustee pursuant to Bankruptcy Code § 723(a).

As 1% limited partners, Mowrey, as trustee in Stocks' bankruptcy case, and Sharon retain their interest in the partnership. They have the right to protect those interests during the pendency of the bankruptcy case. However, the authority and responsibility of winding down the partnership and disposing of partnership property lies solely with the Chapter 7 trustee, William Miller. Accordingly, it is

ORDERED AND ADJUDGED that Ronald A. Mowrey's Motion to Determine General Partner of St. George Island, Ltd., is moot due to the fact that the partnership was effectively dissolved upon the conver-

sion of the case from Chapter 11 to Chapter 7.

DONE AND ORDERED.