In re Robert James HILL, Debtor.

Gordon P. Jones as Trustee of the Estate of Robert James Hill, Plaintiff,

v.

Hill Development Company, Ltd., Connie Sue Hill, and RJH Management Corporation, Defendants.

Bankruptcy No. 00–1047–3P7.
Adversary No. 01–38.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 14, 2001.

George E. Ridge, Jacksonville, FL, for Plaintiff.

David E. Otero, Jacksonville, FL, for Hill Development Company, Ltd.

Jason Burnett, Jacksonville, FL, for Connie Sue Hill.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Plaintiff's Motion for Partial Summary Judgment.[1] This proceeding seeks declaratory and injunctive relief to determine whether RJH Management Corporation ("RJH"), an asset of the estate, is the general partner of Hill Development Company, Ltd. ("HDC") or whether no lawful general partner of HDC exists. Plaintiff contends that post-petition, Debtor transferred his interest as general partner (via his closely held corporation) to his daughter, Connie Sue Hill.

A hearing was held on May 29, 2001. All parties were present and represented by counsel. Upon the presentation of evidence, arguments, and briefs, the Court

---

1. Plaintiff seeks summary judgment as to Counts I and II of the Complaint. Count I is an action for declaratory and injunctive relief. Count II is an action to avoid a post-petition transfer pursuant to 11 U.S.C. § 549. Count III, an action for tortious interference, is not the subject of this Motion. Additionally the Court notes that RJH Management Corporation did not file an answer to the Complaint. Accordingly, the Court instructed Plaintiff to submit a default and default judgment as to that Defendant.

makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On May 19, 1992, Debtor formed HDC, a Florida limited partnership. At all times Debtor owned a majority of the limited partnership units in HDC. The remainder of the ownership was shared by four irrevocable trusts settled by Debtor and individually by both Vicki Longbottom (Debtor's girlfriend) and Peggy Hill (Debtor's former wife).

2. Since May 1992, RJH has been a closely held Florida corporation owned 100% by Debtor. Since May 1992, Debtor has also been the president of RJH.

3. Since May 1992, RJH has operated as the corporate general partner of HDC.

4. On May 19, 1992, RJH and HDC entered into a management agreement by which RJH was to manage HDC's assets.

5. On January 20, 2000, Debtor consented to the entry of a $3.0 million judgment against him and in favor of Andrew Doughty.

6. On February 1, 2000, Debtor, as president of RJH, executed a document entitled "Withdrawal of RJH Management Corp. and Substitution of Connie Sue Hill as the General Partner of Hill Development Company, Ltd." (the "Notice of Substitution"). Connie Sue Hill executed the Notice of Substitution as "Substitute General Partner". The Notice of Substitution provides in part:

> Effective the 1st day of February, 2000, RJH Management Corp does hereby withdraw as General Partner of Hill Development Company, Ltd., and, further it does hereby substitute CONNIE SUE HILL to act as General Partner of Hill Development Company, Ltd., in its place and stead.

7. The management agreement between RJH and HDC was terminated on February 1, 2000, resulting in the loss of management fees. As a result, insiders of Debtor, rather than Debtor's estate have received the benefits associated with being general partner of HDC.

8. On February 4, 2000, Debtor executed a document entitled "Consent of a Majority in Interest of the Limited Partners of Hill Development Company, Ltd. to the Substitution of Connie Sue Hill as its General Partner and to a Continuation of the Business of the Partnership" (the "Consent"). The Consent provides in material part:

> The undersigned, being a majority in interest of the limited partners of Hill Development Company, Ltd., do hereby consent to:
>
> 1. The withdrawal of RJH Management Corp. as the General Partner of Hill Development Company, Ltd. and the conversion of its interest in the Partnership to a Common Limited Partner interest; and
>
> 2. The substitution of Connie Sue Hill as the General Partner of Hill Development Company, Ltd., effective on the 1st day of February 2000; and
>
> 3. The continuation of the business of Hill Development Company Ltd., as a limited partnership pursuant to the provisions of the Hill Development Company, Ltd., Agreement of Limited Partnership.

9. On February 9, 2000, Debtor executed Hill Development Company, Ltd. check number 1157 in the amount of $1,785.00 representing the filing fee for the Amended and Restated Certificate of Limited Partnership (the "Amended Certificate").

10. At 9:30 a.m. on February 14, 2000, Debtor filed a voluntary petition for relief under Chapter 7 of the United States

Bankruptcy Code (the "Petition"). At that time, all of Debtor's assets, including nearly 2.8 million limited partnership units (89% of the outstanding units) in HDC and 100% of the common stock of RJH became property of the estate.

11. At 1:39 p.m. on February 14, 2000, HDC filed the Amended Certificate with the Florida Department of State. The Amended Certificate provides in material part:

AMENDED AND RESTATED CERTIFICATE OF LIMITED PARTNERSHIP OF HILL DEVELOPMENT COMPANY, LTD.

Dated: February 5, 2000

KNOW ALL MEN BY THESE PRESENTS, that **CONNIE SUE HILL**, substituted General Partner of HILL DEVELOPMENT COMPANY, LTD. (hereinafter referred to as the "Partnership"), **does hereby desire to amend and restate the original Certificate of Limited Partnership** of the Partnership as filed in the Office of the Secretary of State of the State of Florida on June 18, 1992, **by executing and filing this** Amended and Restated **Certificate** of Limited Partnership **in said Office of the Secretary of State** of Florida, pursuant to Florida Statute 620.109.... (emphasis added).

12. The Amended Certificate specifically provides that it is filed pursuant to Fla. Stat. 620.109 and the amendment will be effective upon (1) execution and (2) filing with the Secretary of State. The Amended Certificate does not provide it will be effective on February 1, 2000.

### CONCLUSIONS OF LAW

**Standard for Motion for Summary Judgment**

Fed.R.Civ.P. 56, made applicable to adversary proceedings by Fed. R. Bankr.P. 7056, provides for the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056.

The burden of proof with respect to a motion for summary judgment rests with the moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the non-moving party must then establish an essential element of its case for which it bears the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Absent such a showing, there is no genuine issue of material fact. *Id.* at 322–23, 106 S.Ct. 2548.

However, the requirement for a genuine issue of material fact is not satisfied by the simple existence of a dispute between the parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

When a motion for summary judgment is at issue, the Court is required to view the facts in the light most favorable to the non-moving party. *Macks v. United States (In re Macks)*, 167 B.R. 254, 256 (Bankr.M.D.Fla.1994) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). If the Court then determines that reasonable minds can come to but one conclusion, and that conclusion is in favor of the moving party, the Court must enter the judgment.

*Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. In other words, the motion must be granted if the court is satisfied that no real factual controversy is present so that the remedy can serve "its salutary purpose in avoiding a useless, expensive, and time consuming trial where there is no genuine, material issue to be tried." *Lyons v. Board of Educ.,* 523 F.2d 340, 344 (8th Cir.1975). However, if reasonable minds could reach different conclusions, the Court must decline to enter the judgment. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505.

### 11 U.S.C. § 549

Plaintiff advances two arguments in support of his motion for summary judgment. Plaintiff initially argues that RJH is still the general partner of HDC because the substitution of general partners was to be simultaneous. Since the Amended Certificate of HDC was not filed until after the petition, Plaintiff argues the substitution is voidable pursuant to 11 U.S.C. § 549. Alternatively, Plaintiff asserts that even if RJH's withdrawal as general partner is effective, Connie Sue Hill is not general partner because the Amended Certificate was filed post-petition. Thus HDC has no lawful general partner.

Section 549 provides in pertinent part:
Post-petition transactions.
(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate
   (1) that occurs after the commencement of the case; and
   (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
   (B) that is not authorized under this title or by the court.
11 U.S.C. § 549 (West 2001).

### A. *Was there a Transfer?*

■ The Court initially addresses Defendants' argument that RJH's withdrawal as general partner of HDC was not a transfer within the meaning of 11 U.S.C. § 101(54). Section 101(54) defines a transfer as:

[E]very mode, direct or indirect absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54) (West 2001).

■ This section is interpreted broadly to give force to the provisions of the Bankruptcy Code. *Carmel v. River Bank Am. (In re FBN Food Serv., Inc.),* 175 B.R. 671, 683 (Bankr.N.D.Ill.1994), *aff'd,* 185 B.R. 265 (N.D.Ill.1995). The transfer need not be made directly by the debtor. *Id.* Where the effect is to defraud the creditors, the transfer should be avoided. "[I]f the trustee can establish that the Debtor had some kind of valuable interest that was interfered with .... he may defeat [the transfer] to that extent." *In re Albion,* 152 B.R. 794, 806 (Bankr.W.D.N.Y. 1993). The transfer here was effected by RJH, a corporation 100% owned and controlled by the Debtor. The substance of the transfer was a transfer of the entire value of the general partner asset owned by RJH. In a limited partnership, the difference between a limited partner and a general partner is the right to manage the partnership. *In re St. George Island, Ltd.,* 137 B.R. 861, 863 (Bankr.N.D.Fla.1992). The right to manage is a contractual right governed by the terms of the partnership agreement. *Id.* citing *In re Priestley,* 93 B.R. 253, 258 (Bankr.D.N.M.1988). The right to manage is a valuable one. By virtue of RJH's withdrawal as general partner of HDC, Debtor disposed of the entire value of his general partner interest

in HDC, depriving the bankruptcy estate of a valuable asset. The Court finds that RJH's withdrawal as general partner of HDC was a transfer.

### B. *Was there a Post–Petition Transfer of Property of the Estate?*

■ The issue before the Court is whether Connie Sue Hill became general partner on February 1, 2000 when the Notice of Substitution was executed or on February 14, 2000 at 1:39 p.m. when the Amended Certificate was filed with the Secretary of State. Plaintiff argues that Connie Sue Hill became general partner only upon the filing of the Amended Certificate. Because the Amended certificate was filed after the filing of Debtor's petition, Plaintiff argues that Connie Sue Hill's substitution as general partner was a post-petition transfer and is thus avoidable by the Trustee pursuant to 11 U.S.C. § 549. Consequently, Plaintiff argues that RJH's withdrawal as general partner was not effectuated and RJH is still the general partner of HDC. Defendant contends that the withdrawal of RJH and the substitution of Connie Sue Hill occurred on February 1, 2000 upon the Notice of Substitution. Defendant further contends that the filing of the Amended Certificate constituted a ministerial act and had no effect on the withdrawal and substitution of general partner.

### *Resignation, Withdrawal, and Substitution of General Partners*

The express terms of the Notice of Substitution provide that RJH withdrew as general partner of HDC effective February 1, 2001. The notice also provides that it "does hereby substitute" Connie Sue Hill to act as General Partner of Hill Development Company, Ltd. in "its place and stead." The plain language of the Notice of Substitution provides for a simultaneous substitution of general partners. Additionally, § 7.1 of HDC's Limited provides "[t]he Partnership shall be dissolved upon (1) the withdrawal . . . of the General Partner of the Partnership without substitution pursuant to § 6.2." Thus the terms of the partnership agreement provide for a substitution without vacancy.

### *Florida's Limited Partnership Statute and the Amended Certificate*

Florida Statutes § 620.109(4) provides: "Unless otherwise provided in this act or in the certificate of amendment, a certificate of amendment shall be effective at the time of its filing with the department." It is undisputed that HDC recorded its Amended Certificate after Debtor filed his bankruptcy petition. The Amended Certificate makes no reference to an effective date other than by filing the certificate with the Florida Secretary of State. Thus, as Fla. Stat. § 620.109(4) directs, the Amended Certificate was effective at the time of its filing with the department. HDC, the Debtor, and the alleged substitute general partner, Connie Sue Hill, selected the language to be used to effectuate the substitution. As such, the Court can strictly construe such language against them. *Craddock v. Greenhut Constr. Co.,* 423 F.2d 111 (5th Cir.1970) (unclear language should be construed against the draftsmen or the party for whose benefit the term is inserted). Since HDC filed its Amended Certificate with the Secretary of State after Debtor filed his bankruptcy petition, the substitution was a post-petition transfer of property of the estate and is voidable pursuant to § 549.

In *In re St. George Island, Ltd.,* 137 B.R. 861 (Bankr.N.D.Fla.1992), the court recognized the legal effect that recording information concerning a change in general partners had on the issue of whether the withdrawal of general partner was effective and on whether the new general part-

ner was the lawful general partner. The court reviewed the timing of the resignation of the general partner, the filing of the bankruptcy petition, and the recording of the appointment of a new general partner. The court held that a resignation by a general partner was effective when tendered and that the date of recording of the certificate of amendment was only pertinent to the issue of when the new general partner became the general partner. *Id.* at 863.

In the instant case the Notice of Substitution called for a simultaneous substitution. In other words, RJH's withdrawal as general partner was to be effective only upon Connie Sue Hill's substitution as general partner. Applying the rationale of *St. George Island,* Connie Sue Hill did not become general partner until February 14, 2000 at 1:39 p.m., after the filing of the petition, when the Amended Certificate was filed with the Secretary of State. The substitution of Connie Sue Hill as general partner of HDC is a post-petition transfer of property of the estate and is voidable pursuant to 11 U.S.C. § 549. Consequently, RJH's withdrawal as general partner of HDC is ineffective.

### CONCLUSION

The Court holds that the resignation of RJH as general partner of HDC was to be effective on February 1, 2001, only if the substitution of Connie Sue Hill was also effective on that date. Because the substitution of Connie Sue Hill as general partner occurred on February 14, 2000 at 1:39 p.m., after the filing of the petition, it is a post-petition transfer and is voidable pursuant to 11 U.S.C. § 549. Since the withdrawal of RJH as general partner of HDC was to have occurred simultaneously, it is ineffective. Accordingly, the Court holds that RJH is the lawful general partner of HDC. The Court will enter a separate

order consistent with these Findings of Fact and Conclusions of Law.